## Case No. 11,135.

### PICQUET v. SWAN et al.

[5 Mason, 561.] [1]

Circuit Court, D. Massachusetts. Oct. Term, 1830.

#### EQUITY—NECESSARY PARTIES—DISMISSAL.

If one defendant does not appear, and is not compellable to appear, and is a necessary party to the bill in equity, the other defendants, who have appeared and answered the bill, may move for a dismissal of the suit for non-prosecution of the bill, against the non-appearing defendant; and the court will grant a further time for the appearance of such defendant, if it seems reasonable, after which the bill is to be dismissed, unless such defendant appears and answers.

[Cited in Galpin v. Page, Case No. 5,206; Jessup v. Illinois Cent. R. Co., 36 Fed. 736.]

[Cited in Town of Virden v. Needles, 98 Ill. 370. Cited in brief in Marco v. Low, 55 Me. 550; Cleaver v. Smith, 114 Ill. 115, 29 N. E. 682.]

[For former actions at law to obtain judgment on this claim, see Case No. 11,132 and note.]

This was the case of a bill in equity, brought by the plaintiff, an alien, and a subject of the king of France, as administrator of Jean Claude Picquet, late of Paris, in the kingdom aforesaid, deceased, intestate, an alien, and also a subject of France, against James Swan, who was described in the bill as "a citizen of the United States, who now is, and for the last twenty years has been, a resident in Paris aforesaid, and not having an inhabitancy in any of the said United States," and against William Sullivan and others, also citizens of the commonwealth of Massachusetts. The bill sought payment of a large sum of money, asserted to be due from [James] Swan to the intestate, and charged, that the defendants, Sullivan and others, were possessed of large funds of real and personal estate, belonging to Swan, which had been conveyed by Swan to them (either directly or derivatively) in the manner set forth in the bill, in fraud of his creditors. The bill, therefore, prayed process against Swan, and all the other defendants, and a discovery, and account and injunction, and satisfaction of the debt which was due to the intestate out of the funds of Swan, so conveyed to the other defendants, and for other relief, &c. The bill was filed in November, 1829, and process issued, returnable to the rule day in December following. The defendant Swan never has appeared. All the other defendants except Swan have appeared and put in their answers, denying the equity of the plaintiff's bill. Exceptions were taken to these answers, which remain as yet undisposed of; and the plaintiff, upon

[1] [Reported by William P. Mason, Esq.]

leave granted, amended his bill, and to the amendments so made, no answers have been put in.

In January, 1830, the plaintiff obtained an order, appointing Nathaniel Niles, of Paris, a commissioner, to make service upon Swan in Paris, and to take his answer thereto. The commissioner, on the 7th of July, 1830, made return of the commission, that on the 7th of April, 1830, he had made service of the bill upon Swan, in Paris, by reading the same to him, and informing him that he would attend to the taking of his answer to the bill, if he chose, when he, the commissioner, should be requested. That for this purpose, he had kept the bill and commission three months, and that Swan had refused to make an answer thereto, within the said three months; and therefore, he returned the same. The commission was received by the clerk of the court, and filed on the 6th of September following.

On the 18th day of the same month, W. F. Otis and William Sullivan, on behalf of all the defendants excepting Swan, moved, that the bill be dismissed, setting forth at length the grounds of their motion, the principal points of which were in substance as follows: (1) That it fully appeared from the plaintiff's own showing, that the real parties to the suit were the complainant and said Swan, and that the other persons named as defendants in the bill, could not, in any event, be made accountable, until the plaintiff had first established a right against said Swan. That from the grounds of the suit as set forth in the plaintiff's bill, it was apparent that the matters of defence could not be set forth and availed of by any other party than said Swan, that he was, therefore, a material and necessary party, and the cause could not be had and determined, without his presence. (2) That it appeared from the return of the commission, issued by the court for the purpose of taking the answers of said Swan at Paris under oath, that he declined answering or submitting himself to the jurisdiction of the court, and that the plaintiff therefore could not further proceed against said Swan in this court, nor, consequently, against the other persons made defendants in the suit. (3) That even if said Swan was within the jurisdiction of the court, and had appeared and answered in this suit, the bill of complaint charged no such sufficient matter of equitable jurisdiction, as would support the case, and the plaintiff had, by his own showing, a plain, complete, and adequate remedy at law. (4) That it was repugnant to the fundamental principles on which courts of chancery proceed, to entertain litigations, which are founded on mere breaches of promise, and on choses in action for the recovery of damages; that a party having such a claim, must show that he has resorted to all the remedies, which are afforded in the courts of common law, without success, before he

can apply for aid to a court of equity; and that it did not appear from the complainant's bill, that there was not a competent tribunal before which he might obtain a legal remedy for his alleged wrongs.

On the 27th of October following, Messrs. Hubbard and Blair, for the plaintiff, moved, that further time be allowed to the defendant Swan, to appear and answer, and supported their motion by the affidavit of the plaintiff, which stated that he had good reason to believe, that Swan admitted the justice of the claim, and was willing and anxious to appear in the cause and make answer thereto; but that he could not put in a sufficient answer without reference to documents and information, accessible in the United States only. That during the time given him to answer under the commission, he was confined in Paris, but expected in a short time to be released, and to arrive in the United States within a short period; and for the grounds of his belief in these statements, the plaintiff referred to certain letters from said Swan, and the commissioner, addressed to himself, his counsel, and the court, which were attached to his affidavit. Both motions were heard together by the court, upon the request of counsel.

Messrs. Sullivan and Otis for defendants, excepting Swan.

When many parties are named in a bill as defendants, and process is prayed against all of them, and some are within the jurisdiction and appear and answer, and others are not within the jurisdiction and do not appear, what is the chancery practice in England, in such case? It is believed, that the English practice is to see, whether the bill is so framed, that the court can proceed against the parties who are before the court; and if it can decree without the absent parties, or can so decree as not to affect their rights, it will proceed. The English courts notice the distinction between "active" and "passive" parties; and when the former are absent, it cannot decree. In 1 Madd. C. P. 178, it is said, "there sometimes arises an absolute defect of justice" (from the absence of parties), "which seems to require the interposition of the legislature." "Active" parties are those who are legally or beneficially interested in the subject matter, or result of the suit. When such parties are not before the court, it may refuse to decree, or if a decree be made, it may be reversed. Whether the absent party be legally or beneficially interested, must depend on the charges in the bill. Coop. Eq. Pl. 33 et seq.; Palk v. Lord Clinton, 12 Ves. 58; Fell v. Brown, 2 Brown, Ch. 276. If the court in this case can only examine the bill, and not the answers, it appears that Swan is the principal party, as supposed debtor, and as cestui que trust. Adams v. St. Leger, 1 Ball & B. 181. If the answers of the defendants, who have appeared, are examinable, then it clearly appears, that prima facie the absent party is the only party; as those defendants, who have appeared, are not even necessarily put upon their defence, until a right is established between the plaintiff and the absent party. In such a case, English courts of chancery are limited by rules common to all courts, viz. that they must have parties before them, before justice can be administered between parties. It would be as new in England, as it would be here, to insist, that the court ought to proceed to decree between parties, who are before it, because other necessary, or active parties, cannot be compelled to appear. To prevent a demurrer for want of parties, a bill sometimes charges, that a party is beyond the jurisdiction. In such case it would depend on the frame of the bill, whether the absent party was a necessary one, or not; and in such case, the question would arise on the hearing.

The case now before the court arises on a preliminary motion to dismiss, because a necessary party is not before the court. The plaintiff has charged, that this party is out of the jurisdiction, but has prayed process against him. The plaintiff has done what he could to bring him in, and has failed to do so. The plaintiff admits the necessity of that party's presence. It is not doubted, that in such case the English practice would require, that the bill should be dismissed. The plaintiff has shown to the court, that it cannot proceed: First, by charging, that the absent person is an indispensable party. Secondly, by charging that he is beyond the jurisdiction. Thirdly, by showing (from the commission sent forth and returned) that he will not appear. No case has been found, in which an English court has retained a bill under such circumstances.

As to the practice in the United States. The chancery courts of the United States are governed (1) by the constitution and laws of congress; (2) by their own rules of practice; (3) by English rules, when neither of the former apply.

These courts are of limited jurisdiction; and it is too well settled to need authorities, that the jurisdiction must appear on the record. (1) Has this court jurisdiction between the parties on the record? Ex parte Graham [Case No. 5,657]; Picquet v. Swan [Id. 11,134]. (2) Must not the record show that the court has jurisdiction over all the parties in the suit? Strawbridge v. Curtis, 3 Cranch [7 U. S.] 267; Corporation of New Orleans v. Winter, 1 Wheat. [14 U. S.] 92. When it appears on the record that the court has proper parties before it, then the question may arise, whether it has all the proper parties before it. On this question several adjudications appear. Ex parte Graham [supra]; Harrison v. Rowen [Case No. 6,140]; Joy v. Wirtz [Id. 7,554]; Russell v. Clarke's Ex'rs, 7 Cranch [11 U. S.] 88; Wormley v. Wormley, 8 Wheat. [21 U. S.] 451 (in which case, in a

note, West v. Randall [Case No. 17,424] is quoted, in which the learning on parties is exhausted); Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 166; Mallow v. Hinde, 12 Wheat. [25 U. S.] 196. On the question of delay, to decide whether the court will retain a bill for an absent party to come in, no case has been found in the English books, but Fell v. Brown, 2 Brown, Ch. 276. It does not appear that the defendant in that case was injuriously affected by delay, or that he objected to it; nor even that the suggestion did not come from him. He was ready to account.

The motion for further delay is addressed to the discretion of the court. It is believed that the exercise of this discretion requires that all the circumstances attending these long continued litigations should be adverted to; and that the court should look into the answers to decide, whether delay will help the plaintiff. As the defendants set up an adverse and distinct interest, it is suggested that the plaintiff is held to show that there will be a time when he can proceed with the presence of the now absent party; because, if that party should ever return, he may proceed anew. The difference to him, between retaining this bill and beginning again, is trifling. To the defendants it is a most serious evil, and a damage for which they know not of any remedy against this party. A judgment against him for the wrong done, if it should be found to be a wrong, may be fruitless as to compensation. In Livingston v. Gibbons, 4 Johns. Ch. 99, the doctrine of appearance is recognised and stated.

Messrs. Hubbard and Blair, for plaintiff.

(1) As to dismissing the bill. When one party is out of the jurisdiction, and the other parties within it, the practice is, to charge that fact in the bill; and if admitted in the answer, or proved in the cause, the court, if the property in dispute is in the power of the other parties, may act upon the property, notwithstanding the absent party is not before the court. 1 Brown, Ch. 250; 1 Schoales & L. 240; 2 Brown, Ch. 277; 1 Vern. 487; 2 Brown, Ch. 395; Mitf. Eq. Pl. (4th Ed.) 164; 1 Ves. Jr. 385; Prec. Ch. 83; 2 Atk. 510; 2 Brown, Ch. 390; Mitf. Eq. Pl. 134, 164; 2 Sim. & S. 219; Harding v. Handy, 11 Wheat. [24 U. S.] 132; Bunb. 200; 16 Ves. 326; Blake, Ch. Prac. 20; Eq. Cas. Abr. 74; 4 Desaus. Eq. 343; 1 Mont. Dig. 66; [Milligan v. Milledge] 3 Cranch [7 U. S.] 220; [Elmendorf v. Taylor] 10 Wheat. [23 U. S.] 166; West v. Randall [supra]. If the absent party is required to be active in the performance of the decree, as if a conveyance by him be necessary, or the foreclosure of a mortgage against the original mortgagor, the court cannot proceed to a determination against the absent party. 1 Turner & Veneble (6th Ed.) 93. If absent parties are merely passive objects of the judgment of the court, they will proceed against the defendants who are before the court. 1 Grant, Ch. Prac. (2d Ed.) 25; 2 Mod. Ch. Prac. 177.

As to service on Swan. Service of a subpoena upon a defendant while abroad, as in Scotland, seems to be good. But not upon a foreigner, residing in a foreign country. 1 Newl. Ch. Prac. (3d Ed.) 78; 1 Grant, Ch. Prac. (2d Ed.) 78.

(2) Plaintiff's motion for time to enable Swan to appear and answer. If plaintiff suffer three terms after answer filed, without taking any steps in the cause, the defendant may move to have the bill dismissed for want of prosecution. 1 Newl. Ch. Prac. (English Ed. 1819) 240; 15 Ves. 291; 16 Ves. 127–204; 3 Ves. & B. 1; 1 Har. Ch. (Farrand's Ed.) 401. Where there are a number of defendants, and some abroad, and the plaintiff is in prosecution for an answer, the court will not dismiss. 2 Atk. 604; Hand, Solicitor, 23–30, as to time given. Where there is a plea and answer, the bill will not be dismissed till the plea is argued. Barnard. 280; 2 Ves. Jr. 287. After an order to amend, the defendant cannot dismiss the bill for want of prosecution, until three terms after his answer to the amendments. 14 Ves. 208; 1 Newl. Ch. Prac. 243, 244; 1 Turn. Ch. Prac. (English Ed. 1817) 345; Har. Ch. Prac. (Ed. 1808) 31; 1 Ves. & B. 523. Upon the first application to dismiss, the plaintiff undertakes to speed the cause. After the expiration of another term, defendant may move it again, and then the undertaking is special. 13 Ves. 455; 3 Brown, Ch. 191.

STORY, Circuit Justice. There are two motions before the court; one on behalf of all the defendants, except Swan, to dismiss the bill on account of its non-prosecution, and the inability of the plaintiff to procure an appearance and answer from Swan. The other on behalf of the plaintiff, for further time to procure the appearance and answer of Swan, grounded upon the affidavit and papers accompanying the motion. Upon the actual structure of the bill it is very clear, that Swan is a necessary party, and that no relief can be had against the other defendants until the debt is established against him. The whole frame of the bill points to this conclusion, and the process and proceedings to compel Swan to come in all show, that he is deemed an indispensable party, or in the sense of a court of chancery, an active, and not merely a passive party. The importance of having the person before the court, whose interests are to be bound by an account or debt, is very forcibly illustrated by the case of Fell v. Brown, 2 Brown, Ch. 276. It is not, however, necessary at this time to enter into any consideration of the question of parties, since the plaintiff, by making Swan a party, is bound to proceed against him as such, or to dismiss him wholly from the bill. The general principle is perfectly well settled, that the defendant may have the bill of the plain-

tiff dismissed for non-prosecution, if the plaintiff does not proceed therein within a reasonable time. In England, if the plaintiff suffer three terms to elapse after answer filed, without taking any steps in the cause, the defendant may move to have the bill dismissed for want of prosecution. And the plaintiff, upon such an application, can give no other answer than an undertaking to speed the cause. If, after such an undertaking, another term expires without the plaintiff's taking any steps in the cause, the defendant is then entitled again to move for a dismission, which is granted of course, unless the plaintiff enters into a special undertaking. See Degraves v. Lane, 15 Ves. 291; Bligh v. ———, 13 Ves. 455; Naylor v. Taylor, 16 Ves. 127; Fuller v. Willis, 3 Ves. & B. 1. This practice seems wholly inapplicable to the circuit courts of the United States, as it would operate the most vexatious and unjustifiable delays, considering the great intervals between the terms of our courts. The practice, however, such as it is, looks to the case, where a sole defendant answering insists upon the right to dismiss.

The present is a case, where co-defendants, having answered, insist upon the right to dismiss the bill on account of the non-prosecution of the same against Swan. It would be an intolerable grievance, if co-defendants could not insist upon such a right; for it might otherwise happen, that the cause could not be brought to a hearing against them alone; and thus they might be held in court for an indefinite period, perhaps during their whole lives, and very valuable property in their hands be incapable of any safe alienation. No court of justice, and least of all, a court of equity, could be presumed to suffer its practice to become the instrument of such gross mischief. We accordingly find it very clearly established, that a co-defendant possesses such a right. Anon., 2 Atk. 604; Anon., 9 Ves. 512. That right, however, in England, seems governed very nearly, if not altogether, by the same rules, which apply to the case of a single defendant. It may not be for this court to follow the English practice without modification; but the spirit of that practice clearly indicates, that where there has been no affected delay, the rule to dismiss ought not to be peremptory in the first instance. Time ought to be given to the plaintiff to relieve the cause, if possible, from the difficulty of the non-appearance of the other defendant. In the present case the plaintiff has been guilty of no laches. He has used all commendable diligence to procure the appearance of Swan. He has sent a commission to give him notice of the suit, and to take his answer. Swan has, indeed, declined at present to answer. And if the case stood solely upon the commissioner's return, there would be no use in any farther delay; and the bill might be at once dismissed. But the affidavit of the plaintiff and the other papers accompanying his motion, do not demonstrate a determination on the part of Swan never to appear, and make answer to the suit. On the contrary, he expresses a readiness to do so at a future time.

It is true, that under the limited authority confided to the circuit courts of the United States, Swan cannot be compelled to appear and answer the present bill. I do not now go into a consideration of this subject, having had occasion to express my opinion at large, in the recent case of Picquet v. Swan [Case No. 11,134]. But Swan may appear, if he chooses, and answer the bill; and if he should so do, there is not, as I conceive, any want of jurisdiction in the court to entertain the cause. See Harrison v. Rowan [Case No. 6,140]; Logan v. Patrick, 5 Cranch [9 U. S.] 288; Pollard v. Dwight, 4 Cranch [8 U. S.] 421. I am fully aware of the extreme inconveniences resulting to the co-defendants from this protracted litigation; but the court is bound to guard itself against any undue influence, which such a circumstance is well calculated to produce. This question must be decided upon principles applicable to all cases of a like nature. Unless Swan should appear, there must be a dismissal of the bill. That is the common course, when persons, who are necessary parties, refuse to appear, and the court has no power to reach them by its process, and compel them to become parties. It was the ultimate fate of the case of Russell v. Clarke's Ex'rs, 7 Cranch [11 U. S.] 69, after it was remanded to the circuit court.

What the court propose to do under all the circumstances of this case; is, to pass an order giving farther time to the plaintiff to procure the appearance and answer of Swan, until the rule day in May next; and in case no such appearance and answer shall be filed on or before that time, then, that the plaintiff's bill do stand dismissed without prejudice to the merits, and that the defendants, except Swan, do recover their costs.

[NOTE. James Swan died in 1831, after which a judgment was obtained against his administrator. Case unreported. Later a motion for a new trial was overruled. Case No. 11,-131.]