## HARVEY M. BANCROFT *vs.* CHARLES M. SAWIN.

Worcester.   Oct. 5, 1886. — Jan. 4, 1887.   DEVENS & W. ALLEN, JJ., absent.

A few days before the expiration of the time limited for the redemption of land from a mortgage, a bill to redeem the land was filed; but no subpœna was taken out and served upon the defendant.   Two years afterwards the defendant appeared specially, and moved to dismiss the bill.   *Held*, that the plaintiff was not entitled, as of right, under the Pub. Sts. c. 181, § 28, to have the court proceed and determine whether anything was due on the mortgage; and that it was within the discretion of the court to dismiss the bill.

BILL IN EQUITY, filed February 12, 1884, to redeem land from a mortgage.

The bill alleged that William N. Hunt, on May 29, 1879, being then seised in fee of a certain tract of land, with the buildings thereon, in Worcester, described by metes and bounds, conveyed the same, by a mortgage deed duly recorded, to the defendant, to secure the payment of his promissory note for $1400 of even date therewith, payable to the order of the defendant, on demand, with interest; that on January 29, 1880, Hunt again mortgaged said real estate to Merrick Wilson and William Holden, copartners under the firm name of Wilson and Holden, to secure the payment of his promissory note for $125, payable to the order of Wilson and Holden, on demand, with interest, said mortgage being duly recorded; that, default having been made in the performance of the conditions of the last-mentioned mortgage, the mortgagees, by virtue of the power of sale contained in said mortgage, on October 3, 1882, sold said premises by public auction to the plaintiff, and conveyed the same to him by deed duly recorded, and the plaintiff had ever since been the owner of said premises, subject only to the mortgage held by the defendant; that on February 14, 1881, the defendant entered upon said premises for breach of the condition in the mortgage to him, and had ever since been in possession, and had received the rents and profits thereof; that on February 8, 1884, the plaintiff demanded of the defendant a statement of the amount due upon his mortgage, and also an account of the rents and profits received by him upon said estate, together with an account of all sums paid for lawful taxes and assessments, and all sums expended in reasonable repairs and improvements, and in the management of said premises, and the defendant neglected to render to the plaintiff any account, as demanded, of any of the items before mentioned; and that on February 8, 1884, the plaintiff offered to pay and tendered to the defendant such sum of money as was then justly due upon, and necessary to be paid for, the proper redemption of said mortgage held by him, and the defendant neglected and refused to receive the same.

On April 13, 1886, the defendant appeared specially and filed a petition, setting forth the mortgage to him, his entry for the purpose of foreclosing the same, and his possession of the premises, and alleging that on April 12, 1886, the defendant made a bargain to convey said estate by deed to a purchaser

thereof for a valuable consideration ; that, upon examining the title to said premises in the registry of deeds, the defendant discovered that the plaintiff, claiming to be the purchaser, by sundry mesne conveyances, of the right to redeem the estate from said foreclosure, had filed the present bill in equity; that, in consequence of such bill being filed, the intended purchaser refused to purchase said estate; that no notice of the filing of said bill had ever been given to the defendant, and no subpœna for him to appear and answer to said bill had ever been taken from the clerk's office, and no step had been taken by the plaintiff to redeem said estate from said foreclosure other than filing said bill; that, on said April 12, 1886, the defendant for the first time had notice that any such bill had been filed, and then only such notice as appeared by search of the record of titles; and that, believing that he had an undisputed title to said estate, he had made valuable improvements thereon, and bargained for the sale thereof, as above set forth. The prayer of the petition was that the bill be stricken from the docket of this court, for want of prosecution, and for laches.

The bill was dismissed by order of court. The plaintiff thereupon moved to have the order dismissing the bill annulled. This motion was disallowed; and the plaintiff appealed to the full court.

*J. H. Bancroft*, for the plaintiff.

*A. S. Pinkerton*, for the defendant, was not called upon.

C. ALLEN, J. We have no doubt that, in case of gross or improper delay between the time of filing the bill and of the taking out or service of the subpœna, a court of equity, in the exercise of the judicial discretion belonging to it, may refuse its assistance to the plaintiff, and direct the bill to be taken off the file. Such also is the plain intimation of several English and Irish decisions. *Coppin* v. *Gray*, 1 Y. & C. (Ch.) 205, 209. *Boyd* v. *Higginson*, Flan. & Kel. 603, 613. *Forster* v. *Thompson*, 4 Dru. & War. 303, 318. The plaintiff does not dispute this as a general doctrine, but contends that, under the statutes applicable to bills to redeem, the plaintiff, after filing his bill, is in court, and is entitled as of right to have the court proceed, and ascertain and determine whether any, and what, sum not in dispute is due on the mortgage. Pub. Sts. *c*. 181, § 28. It was

not, however, the intention of this statute to provide that a mortgagor shall be entitled to his remedy of a bill in equity to redeem, if by the application of legal or equitable rules he is cut off therefrom; but rather to define the method of proceeding in cases where the plaintiff has a right to proceed. It was long since held, in *Fay* v. *Valentine*, 12 Pick. 40, that a mortgagor might be debarred by estoppel from his right to redeem; and, on similar grounds, it may well be held that the plaintiff in the present case had lost his right by his delay to prosecute his suit after commencing it. To hold otherwise would be to sanction a gross abuse of the equitable remedy provided for those who act in good faith and with reasonable promptness.

*Bill dismissed.*