BUCK et ux. v. FELDER et al.

(District Court, M. D. Tennessee, Nashville Division. December 30, 1912.)

No. 3,673.

EQUITY (§ 362*)—INVOLUNTARY DISMISSAL BEFORE HEARING—WANT OF PROSECUTION.

While a court of equity has power in its discretion to dismiss a suit for want of prosecution because of complainant's failure to diligently take steps to bring the defendants before the court, such action should usually be preceded by a rule to speed served on complainant. A summary dismissal without such rule is not authorized, where some of the defendants

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

have been served with process and appeared and the motion to dismiss followed within seven months of the disposition of motions and demurrers filed by them.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 758–761; Dec. Dig. § 362.*]

In Equity. Suit by Thomas Buck and Katie Buck, his wife, against Thomas J. Felder and wife and others. On motion by defendants to dismiss. Overruled on condition.

See, also, 196 Fed. 419.

This bill was filed in the Chancery Court of Davidson County, Tennessee, by Thomas Buck and Katie Buck, his wife, residents of said county, against Thomas J. Felder and wife, residents and citizens of the State of New York, the Columbia Finance & Trust Company, a corporation under the laws of the State of Kentucky, and the Murphy Land Company and Ward's Seminary, both corporations under the laws of the State of Tennessee. The bill alleged that the complainant, Katie Buck, was one of the next of kin and heirs at law of Mrs. Anna H. Murphy, deceased, and sought, among other things, to set aside a deed of trust that had been executed by Mrs. Murphy to the Columbia Finance & Trust Company, conveying to it certain property for the use of Felder and wife, her adopted children and the devisees and beneficiaries under her will; and also to set aside the proceedings by which Felder and wife had been adopted by Mrs. Murphy, and other separate conveyances of property that had been made by Mrs. Murphy to the Murphy Land Company and to Ward's Seminary. Before any process had been issued in the Chancery Court for either the Columbia Finance & Trust Company, or for Felder and wife, the case was removed to the United States Circuit Court for the Middle District of Tennessee, on the petition of the Trust Company; and complainants' motion to remand the case was subsequently overruled. Buck v. Felder (C. C.) 196 Fed. 419 (erroneously entitled as in the District Court, the provisions of the Judicial Code abolishing the Circuit Court not having then gone into effect). Certain other proceedings having been had in the cause, as more fully appears from the opinion, the defendants, Felder and wife, the Land Company, and the Trust Company, on Oct. 17, 1912, jointly entered their special appearance and moved the court to dismiss the bill for want of proper prosecution.

Theo. Parker and Laurent Brown, both of Nashville, Tenn., for complainants.

John J. Vertrees, Jas. C. Bradford, R. T. Smith, and Wm. O. Vertrees, all of Nashville, Tenn., for defendants.

SANFORD, District Judge. The defendants, Felder and wife, Murphy Land Company, and Columbia Finance & Trust Company, appeared especially for the purpose and moved to dismiss the bill "for want of proper prosecution."

The status of the suit is as follows: This bill was filed in the Chancery Court of Davidson County, Tennessee, on April 19, 1911, against Felder and wife, citizens of New York, the Columbia Finance & Trust Company, a citizen of Kentucky, and the Murphy Land Company, and Ward's Seminary, citizens of Tennessee. Subpœna for the Murphy Land Company and Ward's Seminary was issued April 21, 1911, and returned as executed on April 24, 1911. On May 3, 1911, the Columbia Finance & Trust Co., for which no subpœna to answer had been issued, filed a petition in the Chancery Court for the removal of the suit to this court, which was granted. The transcript of the

record having been filed in this court, the Murphy Land Co., on October 9, 1911, appeared specially and moved to quash the sheriff's return of process as to it; and on October 11, 1911, Ward's Seminary filed a demurrer to the bill. The complainants did not file briefs in opposition to either the motion to quash or the demurrer, as required by the rules of court, but on October 13, 1911, moved to remand the cause to the Chancery Court. On December 20, 1911, an order was entered overruling the complainants' motion to remand. On March 14, 1912, an order was entered sustaining the demurrer of Ward's Seminary and dismissing the bill as to it. On March 25, 1912, an order was entered quashing the return of process as to the Murphy Land Co. On March 25, 1912, complainants filed a paper stating that they "will move" the court for leave to amend the bill. This was treated by the clerk as merely a notice that they intended to make a motion, and not as a motion, and was never submitted to the court for action thereon.

No other step having been taken in the prosecution of the cause, the aforesaid defendants on October 18, 1912, jointly entered their special appearances and moved the court to dismiss the bill for want of proper prosecution. The grounds of this motion, in so far as made specific in the supporting brief, are that the record shows that no process has ever been issued against Felder and wife and the Columbia Finance & Trust Co. and that no further attempt has been made to serve process on the Murphy Land Co. since the first return of process was quashed.

Notice of this motion having been given to complainants' solicitor, he has appeared and resisted the motion to dismiss the suit, stating at the bar as the reason that steps have not been taken to bring Felder and wife before the court that it was expected that they would enter their appearances; but no ground for such expectation has been stated. He also now insists in a brief filed in opposition to the motion that the defendants through their so-called special appearances have in law entered their general appearances in the case, and asks in his brief that, if this be not the case, an order of publication be now made for Felder and wife and the Columbia Finance & Trust Co., and for alias process as to the Murphy Land Co.

From a certificate filed with the motion to dismiss it appears that the complainants have received, since the bill was filed, from thirteen different purchasers from the Murphy Land Co. of lots or tracts lying within the lands involved in this litigation, various sums, ranging from $10.00 to $150.00, in consideration of which they have executed quitclaim deeds or other releases to the claimants to such lots; and it is insisted in behalf of the defendants that the prosecution of the suit has been delayed in order to enable complainants to levy this toll upon purchasers of lots, and that by reason of the lack of diligent prosecution, this suit is a burdensome cloud upon the title to the property involved, which impedes the making of deeds, the execution of mortgages by purchasers of lots, and the like.

The Equity Rules promulgated by the Supreme Court of the United States in 1842 do not provide for the dismissal of a bill for failure to

diligently take steps to bring the defendant before the court, but merely for failure to take the required steps in pleading after the defendant has filed a demurrer, plea or answer to the bill. Equity Rules 38, 66; 2 Bates' Fed. Eq. Prac. § 661, p. 712.

Nor was there, it seems, any such provision in the then practice of the English High Court of Chancery, which was adopted by Equity Rule 90 so far as reasonably applicable; the English chancery practice at that time apparently only providing for a motion to dismiss for failure to prosecute at the instance of a defendant who had answered the bill. See 1 Daniell's Chanc. Pract., Amer. Ed. 1846, McKinley & Lescure's Law Library, 540; Thomson v. Wooster, 114 U. S. 104, 112, note by the court (5 Sup. Ct. 788, 29 L. Ed. 105); 1 Street's Fed. Eq. Pract. § 121, p. 74. By later rules, however, the English High Court of Chancery appears to have permitted a defendant who had not been required to answer the bill, and had not answered it, to apply for an order to dismiss the bill for want of prosecution at any time after the expiration of three months from the time of his appearance. 1 Daniell's Chanc. Pract. 4th Amer. Ed. 803.

However, the general authority of a court of equity, independently of statute or rule of court, to dismiss a suit for want of diligence in its prosecution, in the exercise of a sound judicial discretion, is well settled. Picquet v. Swan, 5 Mason, 561, 19 Fed. Cas. 617, 619 (Story, Circuit Justice); Colorado Ry. Co. v. Railway Co. (C. C. A. 8) 94 Fed. 312, 36 C. C. A. 263; Jessup v. Railroad Co. (C. C.) 36 Fed. 735, 736; Brown v. Fletcher (C. C.) 140 Fed. 639; 14 Cyc. 443, 444, 451; 6 Enc. Pl. & Pr. 904; 2 Street's Fed. Eq. Pract. § 1345, p. 815.

In general, however, the practice is that a rule on the complainant to proceed in the cause, commonly called a rule to speed, must precede a motion to dismiss for want of prosecution. 14 Cyc. 448, and cases cited. And see Picquet v. Swan, supra, giving details as to the English practice in this respect. And such rule to speed is specifically provided for by the statutory rules of chancery practice in Tennessee. Code of Tennessee, §§ 4389–4390 (Shannon's Code, §§ 6199, 6200). See Ford v. Bartlett, 3 Baxt. (Tenn.) 20; Kain v. Ross, 1 Lea (Tenn.) 76.

In only two cases that I have been able to find does it appear that the court has, in the exercise of its discretion, dismissed a bill for failure to diligently prosecute, without a preliminary rule to speed, and at the instance of a defendant who had not been served with process, and who appeared specially for the purposes of the motion.

In Houston v. San Francisco (C. C.) 47 Fed. 337, the bill was filed on June 20, 1889, against the city and county of San Francisco and about one hundred individual defendants to assert title to property of the value of many millions of dollars. No subpoena having ever issued under this bill, the complainant filed an amended bill naming about fifteen thousand other persons as defendants, but although a subpoena and alias subpoena issued under the amended bill, neither of them was placed in the hands of the marshal for service. And in the meantime the complainant exacted and obtained in a multitude of instances pecuniary compensation from persons in possession of the

property claimed, for the release of his claims. In August, 1891, more than two years after the filing of the bill, the city and county appeared specially and moved to dismiss the bill upon the ground that no effort had ever been made to obtain service upon the defendants. It was held by Mr. Justice Field, sitting at circuit, that under these circumstances, for such failure to prosecute, the suit might properly be dismissed, no reasonable or just excuse having been offered for the delay, which, in his opinion, was evidently intentional and in pursuance of a dishonest purpose on the part of the complainant and his solicitor; the court furthermore expressing the opinion that the suit was entirely without substantial foundation.

And in Bancroft v. Sawin, 143 Mass. 144, 9 N. E. 539, it was held that where a bill to redeem land from mortgage was filed, but no subpœna was taken out and served upon the defendants for more than two years, and the defendants appeared specially and moved to dismiss the bill for want of prosecution, the same was properly dismissed. The court said: "We have no doubt that, in case of gross and improper delay between the time of filing the bill and of taking out or service of the subpœna, a court of equity, in the exercise of the judicial discretion belonging to it, may refuse its assistance to the plaintiff and direct the bill to be taken off the file. Such also is the plain intimation of several English and Irish decisions. Coppin v. Grey, 1 Y. & C. (Ch.) 205, 209; Boyd v. Higginson, Flan. & Kel. 603, 613; Forster v. Thompson, 4 Dru. & War. 303, 318."

The differences between these cases and that at bar are, however, obvious: In each of these cases no effort was made to bring any of the defendants before the court for more than two years, or other step taken, except the filing of an amended bill in the Houston Case. In the present case the bill had been filed about eighteen months before the motion to dismiss was filed. The Finance & Trust Co., after the bill was filed, voluntarily entered its appearance in the State court and caused the suit to be removed to this court, and has never in any way taken any step indicating that it did not consider itself now before this court for all purposes, a point which is not now decided. After this removal the complainants seasonably moved to remand the cause. The order overruling this motion was not entered until December 20, 1911, or about ten months before the motion to dismiss was filed. In the meantime the demurrer of Ward's Seminary was not finally disposed of until March 14, 1912, nor the process as to the Murphy Land Co. quashed until March 25, 1912, about seven months before the motion to dismiss was filed.

Furthermore, it does not appear that in either Houston v. San Francisco, supra, or Bancroft v. Sawin, supra, the complainant replied to the motion to dismiss by any offer to proceed in the prosecution of the case, as has been done in the case at bar. And in general a motion to dismiss may be avoided by supplying the defect complained of. Gibson's Suits in Chancery (2d Ed.) § 274, p. 227.

On the whole I conclude that in this state of the record, in spite of the delay in prosecution, it would be an improper exercise of judicial discretion to dismiss this bill summarily upon the defendants' motion,

without allowing the complainants an opportunity to take steps to prosecute within a reasonable time, and upon just conditions. 14 Cyc. 452, 453; 6 Enc. Pl. & Pr. 914, 915; and cases cited. An order will accordingly be entered providing that if within thirty days from its entry the complainants shall pay all the accrued costs in the cause and take steps to prosecute the cause, the defendants' motion will be overruled; but otherwise the motion will be sustained and the bill dismissed.

The question as to whether the effect of the defendants' appearance is to bring them generally before the court, is not properly before me at this time and is not adjudicated.