THOMAS H. BRYAN and HENRY OFFERMAN,

*vs.*

CURTISS SOUTHWESTERN COMPANY, a corporation of the State of Delaware, JAMES FOUNDATION OF NEW YORK, INC., a corporation of the State of New York, and THE WESTERN PACIFIC RAILROAD CORPORATION, a corporation of the State of Delaware.

*New Castle, January* 19, 1945.

*William H. Bennethum,* of the office of Marvel & Morford, and *Maurice Gellar,* of New York City, for complainants.

*W. Reese Hitchens,* of the firm of Hering, Morris, James & Hitchens, for defendant Curtiss Southwestern Co.

*Caleb S. Layton,* of the firm of Richards, Layton & Finger, for defendant Western Pac. R. Corporation.

PEARSON, Vice-Chancellor: In 1931 and 1932, Curtiss Southwestern loaned large sums of money to the Railroad Corporation, and in return received the latter's promissory

note together with various securities as collateral. Some time after June 1941, these notes and securities were transferred by Curtiss Southwestern to the James Foundation, without consideration. The bill charges that the original loan transactions were fraudulent. The prayers are that the notes be cancelled; that the transfer of the notes and securities to the James Foundation be set aside; and that this court order the return to the Railroad Corporation of the notes and securities. The allegations of fact fail to make out a case of fraud, or to disclose any ground for the relief prayed. For this reason, after considering the briefs and oral argument, the solicitors were informed that an order would be advised sustaining the demurrers. Nevertheless, the solicitors for the demurrants requested the court to consider and decide the validity of an additional ground of demurrer assigned: "That it appears by the said amended bill of complaint that James Foundation of New York, Inc., is a corporation of the State of New York and is a necessary and indispensable party to said cause and while named a party defendant it cannot be served and brought within the jurisdiction of this Court." The request was granted and in the present opinion the quoted ground of demurrer will be discussed.

Complainants have prayed for no specific relief against Curtiss Southwestern, the original transferee. In any event, it is not apparent how the relief prayed for (cancellation of the notes and return of the collateral to the Railroad Corporation) could be obtained by a decree solely against Curtiss Southwestern, since that company no longer has an interest in the notes or collateral. James Foundation is the present holder, according to the allegations. Thus, the interests of James Foundation would be necessarily affected, directly and substantially, by a decree granting the relief sought. It is therefore, an indispensable party. *Bay Newfoundland Co. v. Wilson & Co.*, 24 *Del.Ch.* 30, 11 *A.2d* 278; *Blumenthal v. Blumenthal, ante p.* 1, 35 *A.2d* 831; 37 *C. J.S. Fraudulent Conveyances*, §§ 343, 345, *pp.* 1174, 1176; 12 *C.J.S., Cancellation of Instruments*, § 54, *p.* 1032.

The question here is not one of non-joinder of a party. James Foundation is joined as a defendant, although it has not appeared or been served with process. Demurrants' statement that it cannot be served and brought within the jurisdiction of this court rests for its support upon the allegation that James Foundation is a New York corporation, and upon the fact that up to this time, jurisdiction over it has not been obtained. The circumstances indicated do not justify a conclusion that jurisdiction will never be obtained. For that matter, the possibility of a voluntary appearance in the immediate future is not foreclosed by any facts before the court. It may be conceded that unless jurisdiction over the indispensable defendant James Foundation be acquired within a reasonable time, the court may, upon application of the codefendants Curtiss Southwestern and the Railroad Corporation, order a postponement of the performance of various steps in the proceeding (compare: *Skinner v. Educational Pictures Corp.*, 14 *Del.Ch.* 417, 129 *A.* 857), and ultimately, a dismissal of the bill. *Picquet v. Swan,* 19 *Fed. Cas.No.* 11,135, *p.* 617, 5 *Mason* 561; *Jessup v. Illinois Cent. R. Co., (C.C.)* 36 *F.* 735; *Iron City Sav. Bank v. Isaacsen,* 158 *Va.* 609, 164 *S.E.* 520. Still, a demurrer would seem an inappropriate form of application for this purpose, because it offers no means of introducing facts which do not appear in the record, as for example, imminence of a voluntary appearance. The procedure upon a petition or motion (to dismiss the bill, or to postpone some step in the proceeding) is not so limited, and hence, would allow all interested parties an opportunity more amply to assert and protect their rights. Compare: 30 *C. J. S. Equity,* § 155, *p.* 595; 1 *White-House Equity Practice,* § 330.

It follows that the ground of demurrer under consideration is insufficient. However, the demurrer should be sustained for the reasons mentioned earlier in this opinion.

An order accordingly will be advised.