## Wytheville.

### AYRES V. MOREHEAD'S ADM'R.

July 19th, 1883.

(Absent, *Fauntleroy, J.*)

EQUITABLE JURISDICTION—*Laches at law.*—It is well settled that where a party, through his own, or his agent's or attorney's negligence, failed to avail himself of a defence which he might have made at law, he will not be relieved in equity.

Appeal of Hannah Ayres to decree of circuit court of Patrick county, rendered in vacation, January 4th, 1882, refusing her a new trial, to a judgment of said court on its law side, entered by default, October 16th, 1880, against her in favor of J. Turner Morehead, administrator of John M. Morehead, deceased, for $543.63, with interest thereon from 19th September, 1858, till paid, and $7.65 costs, subject to credit for $61.50, paid October 8th, 1859.

The facts are fully stated in the opinion of the court.

*J. L. Tompkins,* and *A. M. Lybrook,* for the appellant.

*John E. Penn,* for the appellee.

HINTON, J., delivered the opinion of the court.

This record presents the common case of an application to a court of chancery for a new trial of an action at law.

The complainant in the court below, Hannah Ayres, who is the appellant here, in her bill filed in the clerk's office of the circuit court of Patrick county on the 6th day of April, 1881, alleges, *inter alia*, that the appellee, J. Turner Morehead, as administrator of John M. Morehead, recovered a judgment against her at the October term, 1880, of said court for $543.63, with interest from September 19, 1858, and costs, subject to some trifling credits; that the suit was brought upon a bond simply signed "Reed Ayres, agent"; that whilst she admits that she did let her husband, the said Reed Ayres, have the cash she then owned to carry on a small dry goods store at Horse Pasture, in Henry county, where they lived, she denies that she ever authorized him to give any note, bond or other obligation by which she was to be bound; and that the "marriage settlement forbid her doing so." The bill then avers that very shortly after process was served upon her in the action at law she carried the copy left with her to A. M. Lybrook, consulted with him about her defence, and retained him as her counsel; that he informed her that he would attend to the matter, and that she was in no danger of being held liable; that she was thus lulled into a sense of security, and knew nothing more about the matter until she was informed, after the court had adjourned, that a judgment had gone against her by default, no defence having been made by her attorney, who afterwards informed her that he got the impression on his mind that the case was pending in the circuit court of Henry county; that he so endorsed the copy of the writ left by her with him, and never learned his grave mistake until he arrived at Henry court and found no such case pending there. These averments are fully supported by the depositions of John F. Noel and the said Lybrook—the latter of whom testifies that he is unable to say that he ever read the copy of the writ which was delivered to him by his client. To this bill the appellee filed his demurrer and answer. Whereupon, the case being by consent of parties submitted for decision

in vacation, the judge on the 17th day of March, 1882, entered a decree sustaining the demurrer and dismissing the bill. And from this decree this appeal was allowed.

The rule that a party who has, through the negligence of himself or his agents or attorneys, failed to avail himself of a defence which he might have made at law, will not be relieved in equity is too well settled to require any extended reference to the adjudged cases.

In *The Marine Insurance Company of Alexandria* v. *Hodgson,* 7 Cranch, 333, Chief-Justice Marshall, in delivering the opinion of the court, says: "It may safely be said that any fact which clearly proves it to be against conscience to execute a judgment of which the injured party could not have availed himself at law, but was prevented by fraud or accident, unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery."

In *Green & Suttle* v. *Massie,* 21 Gratt. 358, Judge Staples said, "courts of equity relieve against judgments at law upon the ground that the party injuriously affected thereby has a defence of which he might have availed himself, but was prevented by fraud or accident, unmixed with any fault or neglect on his part." * * * * "The cases fully establish," says he, "that after a trial at law, a party to entitle himself to have a new trial granted by a court of equity, must show that he has been guilty of no laches, and that he has done everything that could reasonably be required of him to obtain relief at law. Without such excuse, which is to be judged of according to the circumstances, he cannot get relief in equity."

In *Haseltine* v. *Walton & Brickey et als.,* 16 Gratt. 120, Judge Lee states the general rule as follows: "Where a party has had a day in which he could make his defence in the proper form, before a verdict and judgment against him, equity will not entertain him and grant relief after such verdict and judgment, unless in cases of fraud, accident or surprise, or some adventitious

circumstance, unmixed with negligence on his part, which shall sufficiently account for the omission to seek its intervention before judgment."

And in *Richmond Enquirer Co.* v. *Robinson and als.*, 24 Gratt. 552, Judge Anderson, speaking for the whole court, says, "It must appear that the omission of the defendant to avail himself of the defence at law, was unmixed with any negligence in himself or his agents. This rule is absolutely inflexible and cannot be violated, even when the judgment is manifestly wrong in law or fact; or when the effect of allowing it to stand will be to compel the payment of a debt which the defendant does not owe, or which he owes to a third person."

*Slack* v. *Wood*, 9 Gratt. 40; *Wallace* v. *Richmond*, 26 Gratt. 67; Freeman on Judgments (ed. 1881) sections 112, 113; Barton's Ch'y Pr. (ed. 1881) pp. 42, 43.

And within the influence of this rule the present case clearly falls. In it there is neither of the elements of fraud, accident or surprise. The judgment here was obtained through the mere negligence of the appellant's counsel. According to his own admissions as well as the allegations of the bill when his client called upon him and furnished him with a copy of the writ he neither took the trouble to inquire of her as to the court in which the suit was brought nor read the writ; but carelessly placed it it away with the papers belonging to another court, and never thought of it again until after the judgment had been entered and the term of the court had been ended. From the consequences of this negligence, equity, upon the soundest principles of policy, cannot afford any relief.

Without therefore considering the other interesting questions discussed at the bar, we are of opinion that the decree rendered by the judge of the circuit court of Patrick county, in vacation, in this cause, dismissing the plaintiff's bill was clearly right and must be affirmed.

DECREE AFFIRMED.