JOSEPH TETRAULT & others *vs.* DELPHINE FOURNIER & others.

Bristol.   October 25, 1904. — November 22, 1904.

Present: KNOWLTON, C. J., BARKER, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction*, Laches.   *Equity Pleading and Practice.*

A bill to redeem real estate from a foreclosure under a mortgage, voidable because of fraud and mismanagement by the mortgagee while in possession, cannot be maintained if filed more than ten years after the foreclosure, of which the mortgagor had knowledge during the whole of that period.

Where laches appears on the face of a bill in equity that defence can be set up by demurrer.

It is not a sufficient excuse for the laches of the heirs at law of a mortgagor, in delaying for ten years to bring a suit in equity to redeem real estate from a foreclosure alleged to be voidable by reason of fraud and mismanagement by the mortgagee while in possession, that "the plaintiffs have been delayed in the bringing of this action by the negligence and misconduct of certain attorneys whom they have employed to protect their interests therein, but who have

either done nothing or have so unskilfully managed the said action that the plaintiffs have wholly failed to secure the relief to which they are and were entitled; said attorneys being at no time able to respond in damages for their said negligence and misconduct." The foregoing allegation in a bill in equity otherwise bad for laches is too general to put on the defendants the burden of a trial.

BILL IN EQUITY, filed May 18, 1903, by the heirs at law of Julia Tetrault, deceased intestate, to redeem certain real estate in Fall River from a foreclosure under a mortgage, and for an accounting.

The bill alleged, that on February 19, 1885, Julia Tetrault made a mortgage of the premises to the Warren Institution for Savings, doing business at Warren in the State of Rhode Island, to secure the payment of a loan of $13,000 and interest thereon at the rate of six per cent per annum; that before July 30, 1887, $1,000 had been paid on account of the principal, and all interest then due had been paid; that on July 30, 1887, the Warren Institution for Savings entered on the premises for the purpose of foreclosing the mortgage, and collected all rents and profits of the premises until September, 1887, when it assigned the mortgage to the Fall River Five Cents Savings Bank, one of the defendants in this suit; that thereafter the defendant savings bank collected all the rents and profits until January 14, 1893, when it foreclosed its mortgage by a sale of the premises, which it purchased for $10,500; that the defendant savings bank during the time of its management of the property before the foreclosure sale wrongfully and fraudulently managed the premises in such a way as greatly to diminish the amount that would have been received as rents therefrom had the property been managed properly, and greatly damaged the premises by neglecting the necessary care thereof; that within the three years next ensuing after July 30, 1887, and later, but before the foreclosure, the plaintiffs and their privies in title repeatedly demanded of the defendant savings bank an accounting showing the amount collected as rents and the amount remaining due on the mortgage; that the defendant savings bank never rendered an account of the rents, but always met the plaintiffs' demand therefor with a statement that $12,000 and interest was due on the mortgage, the sum of $12,000 being more than was due on the mortgage at any time it was held by the defendant savings

bank, and more than it paid for the assignment thereof; that on or about February 1, 1893, the defendant savings bank conveyed the premises by a quitclaim deed to the defendants Slade and Huard, and on the same day the defendants Slade and Huard conveyed the premises by a warranty deed to one Joseph Fournier who executed a mortgage of the premises to the defendant savings bank, and also a second mortgage to John P. Slade and Leonard N. Slade, copartners under the name of John P. Slade and Son, which second mortgage was discharged on or about March 1, 1900; that Joseph Fournier died testate on May 24, 1901, and devised all of the premises to his wife, the defendant Delphine Fournier, for her life, with remainders over in certain portions thereof, described in part in his will by metes and bounds, to the defendants, Elzear Fournier, Achille Fournier, Angelina Bourget, Amedee Fournier, Albert Fournier, Leda Hebert and Nelson Fournier; and that the defendants or their privies in title were in possession of the premises from January 14, 1893, to the time of the filing of the bill, and received the rents and profits thereof; praying, 1, that the foreclosure sale might be set aside and that any conveyances made under and by virtue of it might be decreed to be void, and that the defendants might be ordered to make such deeds and conveyances as might be necessary to restore the title to the premises to the same situation as it was before the sale; 2, for an accounting for the rents, profits and necessary expenditures of or on account of the premises from July 30, 1887; and 3, that the plaintiffs might be allowed to redeem the premises upon payment of the amount which might be found due upon a just and true accounting, which amount the plaintiffs offered to pay.

The defendants demurred; and the plaintiffs on January 14, 1904, filed by leave of court an amendment to their bill, a portion of which is quoted in the second paragraph of the opinion of the court, and which concluded with the following paragraph referred to in the third paragraph of the opinion: "15. The plaintiffs have from 1895 to December 1901 been delayed in bringing this action by reason of certain documentary evidence therein being beyond their control, said evidence being in the hands of one of said attorneys who refused without cause to surrender the same but put the plaintiffs off from time to time with the

assurance that he would try their said cause." The defendants demurred to the amended bill, alleging as causes of demurrer want of equity and laches. The Superior Court made a decree sustaining the demurrer and dismissing the bill. The plaintiffs appealed.

*A. G. Weeks,* for the plaintiffs.

*H. A. Dubuque,* for the Fall River Five Cents Savings Bank.

*L. E. Wood,* for the defendant Delphine Fournier and others, submitted a brief.

*D. F. Slade,* for the defendants Leonard N. Slade and John B. Huard, also submitted a brief.

LORING, J. The case made by the bill as originally filed (assuming that the allegations were sufficiently precise to state a case) is that both foreclosures are voidable because of fraud and mismanagement of the mortgagee while in possession, and of a refusal to account on demand. It is not pretended that the mortgagor or her heirs, the present plaintiffs, were ignorant of the fact that the mortgage had been foreclosed. It appears that more than ten years have elapsed since the date of the later foreclosure. That convicts the plaintiffs and their ancestor of laches. *Learned* v. *Foster,* 117 Mass. 365. *Fennyery* v. *Ransom,* 170 Mass. 303. See also *Bancroft* v. *Sawin,* 143 Mass. 144. Where laches appears on the face of the bill, the defence can be set up by demurrer. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456, 457.

This defect has not been cured by the amendment. To escape from the imputation of laches it was incumbent on the plaintiffs to allege such facts as showed an excuse. The allegation here does not go far enough. It is: " The plaintiffs have been delayed in the bringing of this action by the negligence and misconduct of certain attorneys whom they have employed to protect their interests therein, but who have either done nothing or have so unskilfully managed the said action that the plaintiffs have wholly failed to secure the relief to which they are and were entitled; said attorneys being at no time able to respond in damages for their said negligence and misconduct." Such an allegation is too general a one to put the defendants to the burden of a trial. The plaintiffs may have been delayed without being excused from bringing this suit. The allegation

here is like a general allegation of fraud, which it is well settled is not enough to put on a defendant the burden of going to a trial. As to this, see *Nye* v. *Storer*, 168 Mass. 53, where the demurrer was a general demurrer; *Wallingford* v. *Mutual Society*, 5 App. Cas. 685. See also *Nichols* v. *Rogers*, 139 Mass. 146; *Garst* v. *Hall & Lyon Co.* 179 Mass. 588; *Fogg* v. *Blair*, 139 U. S. 118; *Van Weel* v. *Winston*, 115 U. S. 228; *United States* v. *Atherton*, 102 U. S. 372, 374.

The allegations in the fifteenth paragraph also are open not only to this objection but to the further objection that they do not cover three years and four months of the ten years or of the twelve years, as one or the other method of foreclosure is taken to be under attack.

It is not necessary in this case to consider the cases relied on by the plaintiffs, *Denton* v. *Noyes*, 6 Johns. 296, *Dinwiddie* v. *Self*, 145 Ill. 290, *Whitridge* v. *Whitridge*, 76 Md. 54, *Boing* v. *Raleigh & Gaston Railroad*, 88 N. C. 62, or those relied on by the defendants, *Ayres* v. *Morehead*, 77 Va. 586, *Callaway* v. *Alexander*, 8 Leigh, 114, *Ives* v. *Sargent*, 119 U. S. 652.

*Decree affirmed.*