IDA F. SHATTUCK *vs.* LILLIAN M. JENKINS ET ALS.

York.     Opinion December 14, 1931.

*Ray P. Hanscom*, for plaintiff.
*F. Roger Miller*, for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-TON, THAXTER, JJ.

STURGIS, J.   In this proceeding in equity for partition, the defendants, Lillian M. Jenkins and Harry Montgomery, having answered, filed a cross bill denying the plaintiff's seisin with affirmative allegations of fraud and a trust resulting therefrom. Demurrer to the cross bill was sustained and that ruling comes forward on appeal.

In their cross bill, the plaintiffs, who are named defendants in the original bill, after alleging that they are the children and only heirs-at-law of Nathaniel Montgomery, late of Wells, who died in-

482

testate on October 29, 1927, and that his second wife, Hattie Perkins Montgomery, who was their stepmother, died intestate before her husband's decease, assert their belief that the interests or shares in the premises of which partition is here sought are claimed through title derived from said Hattie Perkins Montgomery and conclude as follows:

"6. That, on or before the thirtieth day of May, A. D. 1905, the said Nathaniel Montgomery bought the real estate mentioned in said original Bill for the sum of eight hundred and fifty dollars, ($850.00), and delivered his own money to said Hattie (Perkins) Montgomery with the understanding that she would buy said real estate with said money and take the deed thereof in his name. Yet the said Hattie (Perkins) Montgomery wrongfully purchased the said real estate with his money and took the deed thereof in her own name, a copy of which said deed is hereto attached marked 'Exhibit A.'

"7. That said Hattie (Perkins) Montgomery, (named in said deed as said Hattie A. Montgomery), paid no part of the purchase money for said property, but that the entire amount was paid by said Nathaniel Montgomery out of his own moneys, and said Nathaniel Montgomery supposed and believed that said real estate was his own property standing in his own name; and that as a matter of law there is a resulting trust for the benefit of his estate and of his heirs at law in said real estate."

Ida F. Shattuck, plaintiff in the original bill and named defendant in the cross bill, filed a demurrer and for special cause showed laches. The demurrer was sustained because on the face of the bill laches appears without any statement of a justifiable cause or excuse therefor.

It is well settled that, where a bill in equity shows such laches on the part of the plaintiff that a court ought not to give relief and no sufficient reasons for the delay are stated, the defendant need not interpose a plea or answer, but may demur on the ground of want of equity apparent on the face of the pleading. *Leathers* v. *Stewart*, 108 Me., 96, 101; *Stewart* v. *Joyce*, 201 Mass., 301;

*Snow* v. *Manufacturing Co.*, 153 Mass., 456; *Kerfoot* v. *Billings*, 160 Ill., 563; *Lansdale* v. *Smith*, 106 U. S., 392. The rule applies to cross bills for relief. 1 Story's Eq. Pl., Secs. 629, 630.

And it is held that reasons for delay which will excuse gross laches in prosecuting a claim or long acquiescence in the assertion of adverse rights must be set forth with sufficient certainty to apprise the court as to how the pleader or his privies remained so long in ignorance, how and when knowledge of the matters alleged first came to their knowledge and the particular means used to effect the concealment alleged, so that from the pleading itself it may be determined whether by the exercise of ordinary diligence the discovery might not have been before made. *Hardt* v. *Heidweiger*, 152 U. S., 547; *Tetrault* v. *Fournier*, 187 Mass., 58; 1 Pom. Eq. Rem., 54; 10 R. C. L., 416.

The plaintiffs do not deny that their pleadings show laches which, unexcused, denies them relief in equity. The allegations are that the wife of Nathaniel Montgomery, on May 30, 1905, used $850.00 of her husband's money to buy the parcel of real estate here involved and wrongfully took the deed thereof in her own name. It is also averred that Nathaniel Montgomery lived thereafter a little more than twenty-two years, dying on October 29, 1927, and that his wife had predeceased him. Upon the record, the plaintiffs' first attack on this transaction and claim to a resulting trust in their favor is in their cross bill of September 4, 1929. They there plead an excuse for their delay and that of their ancestor only by the allegation that "said Nathaniel Montgomery supposed and believed that said real estate was his own property standing in his own name."

If the plaintiffs may have the benefit of the inference that Nathaniel Montgomery remained ignorant until his death of the fact his wife took title to this property, no reason is advanced for the existence or long continuance of that ignorance nor the means used by his wife in her alleged fraudulent concealment. No more is it disclosed how and when the plaintiffs first gained knowledge of the facts they now allege or why they waited more than two years after death had removed the parties to the transaction before advancing the claim here made.

Ignorance due to negligence does not excuse laches. The plaintiffs and their ancestor, so far as the pleading discloses, may have remained ignorant of the facts they now allege as a ground of relief only because of their failure to exercise reasonable diligence in discovering the truth. If they had knowledge of facts which would induce a reasonably prudent person to make inquiries which would have disclosed the true state of the title involved here, they are charged with the knowledge which could have been so obtained. Means of knowledge are in effect the same thing as knowledge itself. *Trust Co.* v. *Insurance Companies*, 127 Me., 528, 539; *Steel Co.* v. *Smith & Rumery Co.*, 110 Me., 123; *Knapp* v. *Bailey*, 79 Me., 195, 204.

Tested by the rules stated, the cross bill is demurrable. As found by the sitting Justice, it contains no "statement of a justifiable cause or excuse" for the laches apparent on its face. The omission is not cured by the admissions of the demurrer, which are no broader than the allegations of the pleading and confess no conclusions of law.

It not appearing that the defects in the pleading can not be cured by further allegations and the ends of justice thereby promoted, leave to amend upon terms should be granted. The entry is,

*Appeal dismissed.*
*Decree below affirmed.*
*Case remanded with leave to amend upon payment of costs.*