GEORGE F. CHANDLER & others *vs*. JENNIE T. LALLY,
administratrix.

Suffolk.　November 8, 1940. — January 3, 1941.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Trust*, Transfer of beneficial interest, Repudiation by trustee. *Equity
Jurisdiction*, Laches. *Probate Court*, Petition in equity. *Equity Plead-
ing and Practice*, Demurrer.

Averments merely that one, who had received funds in trust to pay them
to another, later repudiated the trust, stating that he would hold the
funds for the benefit of the *cestui's* wife and child; and that, in reli-
ance upon that statement, the *cestui* refrained from enforcing the trust
for about twenty-five years and would not permit his wife and child
to take legal action, did not show that the *cestui* made or assented to
a transfer of his interest to his wife and child, and were adjudged on
demurrer not to set forth with adequate certainty any interest of the
wife and child in the funds.

The defence of laches may be availed of by demurrer to a petition in
equity in the Probate Court when the petition itself discloses that
defence.

Laches barred a petition in equity in a Probate Court to enforce an oral
trust against the trustee's administrator where it appeared that the
petitioner delayed filing the petition for about twenty-five years after
he had knowledge of an absolute repudiation of the trust by the
trustee, although the repudiation was accompanied by a statement
that the trustee would hold the trust fund for the petitioner's wife
and child and the petitioner relied on the statement in delaying suit.

PETITION IN EQUITY, filed in the Probate Court for the
county of Suffolk on November 23, 1939, and afterwards
amended.

As stated in the opinion, the assignment by the petitioner
George F. Chandler to Francis Lally, a copy of which was
annexed to the petition, was "absolute in form"; there was
no statement therein of its purpose or of any undertaking
by Lally, although they were averred in the petition. A
demurrer was sustained by *Prest*, J.; and a decree dismissing
the petition was entered. The petitioners appealed.

*J. E. Keefe, Jr.*, for the petitioners.

*F. W. Mansfield*, for the respondent.

QUA, J.  The allegations of the amended petition are in substance these: The petitioners George F. Chandler and Rose A. Chandler are husband and wife, and the petitioner George F. Chandler, Jr., is their son.  The respondent is the administratrix of the estate of Francis Lally, who was the maternal uncle and had been the guardian of George F. Chandler.  In 1913 George F. Chandler purchased a business from Lally for $25,000, of which sum Chandler paid $20,000 in cash.  He made an assignment, absolute in form, to Lally of Chandler's interest in the estate of one Blanchard "to secure the payment of" the remainder of the purchase price, amounting to $5,000, which sum, with interest, "was to be deducted by the said Francis Lally from moneys received under said assignment, and the balance of the moneys received under said assignment to be turned over to the said George F. Chandler."  In 1914 Lally received by virtue of the assignment $20,555.25 in various securities and $729.75 in cash and received in addition a certificate for fifteen shares of railroad stock.  In 1915 he received the further sum of $345.76.  Lally, though requested, at no time made any accounting to George F. Chandler of the sums received by virtue of the assignment.  In August, 1915, George F. Chandler made a demand upon Lally for an accounting, which Lally refused, alleging that Chandler was a spendthrift and would dissipate any moneys received by him.  Lally "further stated that he would hold the balance of securities and cash received under the assignment for the benefit of" Chandler's wife, Rose A. Chandler, and of their children, who at that time were George F. Chandler, Jr., one of the petitioners, and Dorothea Chandler, who died in September, 1915.  Because of the relationship of uncle and nephew between Lally and George F. Chandler "and because of his subserviency to his said uncle Francis Lally, and relying upon the promises made to hold the said securities and cash, referred to above, for the benefit of the said George F. Chandler's wife and children, your petitioner George F. Chandler took no legal action to secure

an accounting, nor would he permit legal action to be brought by or in behalf of his wife and child George F. Chandler, Jr." None of the petitioners received from Lally any securities or cash on account of the securities and cash received by him from the Blanchard estate. Lally, during his lifetime, "disposed of" all the securities except one bond which is listed as an asset in the inventory of his estate.

The principal prayers are for an accounting and payment to the petitioners of the amount found due.

The demurrer is directed to the entire petition and not to any separate parts of it. Want of equity, vagueness, and laches are set up among other grounds of demurrer.

We assume, without deciding, that the allegations of the petition are sufficiently definite to show that the proceeds of the Blanchard estate which came into Lally's hands in 1914 and 1915 by virtue of the assignment were received by him as security only, and that he held them under an oral trust to pay himself the balance of $5,000 due him for the price of the business and to turn over the remainder to George F. Chandler. The petition fails to show, however, with adequate certainty that the petitioners George F. Chandler, Jr. and Rose A. Chandler ever acquired any interest in this fund. Doubtless Lally could have declared an oral trust for their benefit in personal property owned by himself, but he could not declare himself trustee for their benefit of George F. Chandler's interest in the fund without the consent of George F. Chandler. The petition does not allege that George F. Chandler took any part in the transfer of the beneficial interest from himself to his wife and son or that he consented to the transfer. The allegation that he relied upon Lally's promise to hold the fund for their benefit as a reason for not himself enforcing the trust is not equivalent to an allegation of consent to a transfer to them of the beneficial interest. It goes no further than to state an alleged reason for not enforcing in his own behalf rights still belonging to himself. In substance he alleges that he has hitherto delayed bringing suit for himself because of his confidence that Lally was still holding the fund intact in his possession. There is nothing to show

that Chandler communicated to Lally the fact of Chandler's reliance. The further allegation that Chandler would not permit legal action to be brought by his wife and child is not the equivalent of a plain statement that he had joined in substituting his wife and child as *cestuis que* trust. The presence of George F. Chandler in this proceeding as a petitioner is inconsistent with a transfer of his beneficial interest to the other petitioners. As against a demurrer the allegations of the petition cannot be helped by intendment or inference. They do not allege an interest in the wife and son with sufficient definiteness and clarity. "It is an elementary rule of equity pleading, that the bill must contain a clear and exact statement of all the material facts upon which the plaintiff's right to the relief sought depends, and that he can only introduce evidence of such facts as are thus stated." *Drew* v. *Beard*, 107 Mass. 64, 73. *Chinese American Restaurant Corp.* v. *Finigan*, 272 Mass. 360. *Arena* v. *Erler*, 300 Mass. 144, 146. *Grise* v. *Rieutord*, 305 Mass. 61, 64.

It appears from the petition itself that George F. Chandler is barred from enforcing the trust by his own laches. The defence of laches may be availed of by demurrer where the bill itself discloses that defence. *Snow* v. *Boston Blank Book Manuf. Co.* 153 Mass. 456, 457. *O'Brien* v. *O'Brien*, 238 Mass. 403, 411. It is true that mere delay in bringing suit by a beneficiary under an express trust, whatever effect it may have upon his right to claim damages for a breach of trust, does not commonly deprive him of his right to assert his equitable title in the trust property. *Allen* v. *Stewart*, 214 Mass. 109, 113. *O'Brien* v. *O'Brien*, 238 Mass. 403, 411. *Patterson* v. *Pendexter*, 259 Mass. 490, 493. *Stuck* v. *Schumm*, 290 Mass. 159, 166. *Shea* v. *Shea*, 296 Mass. 143. Scott on Trusts, § 219. But where the trustee has repudiated his obligations as trustee and holds adversely, a beneficiary with knowledge of the repudiation can no longer rely upon the trustee's continued performance of his duty. The beneficiary is then in a position similar to that of any other party who has an equitable claim against an adversary and may become barred by laches if he fails to proceed with reasonable

diligence. *Codman* v. *Rogers*, 10 Pick. 112, 119, 120. *Sawyer* v. *Cook*, 188 Mass. 163, 167, 168, 169. *Amory* v. *Trustees of Amherst College*, 229 Mass. 374, 393. Scott on Trusts, § 219.1. Am. Law Inst. Restatement: Trusts, § 219. Lally's refusal to account to George F. Chandler when an accounting was demanded, coupled with the assertion that Chandler was a spendthrift, and Lally's statement that he would hold the fund for Chandler's wife and children were a complete repudiation of Chandler's interest as the beneficiary of the trust. Lally's statement that he would hold for Chandler's wife and children does not render any less final his repudiation of his trust for Chandler. From that time on the statute of limitations ran against Chandler, and upon the face of the petition has long ago barred his claim. *Davis* v. *Coburn*, 128 Mass. 377, 380. *Currier* v. *Studley*, 159 Mass. 17, 20. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 436. But if the statute is not to be considered because not expressly set forth as a ground of demurrer (see *Somerby* v. *Buntin*, 118 Mass. 279, 288; *Coffey* v. *Rady*, 267 Mass. 301, 305), nevertheless, apart from the statute, Chandler became subject to the possibility of losing his rights through unreasonable delay, in other words, through laches. He has waited approximately a quarter of a century. He has now brought suit after the death of Lally, the alleged trustee, whose testimony must have been material upon the existence of an oral trust and upon the disposition of the fund and the details of an accounting. Chandler has stated in the petition that the reasons for his delay were his relationship and his "subserviency" to his uncle and his reliance upon his uncle's promises to hold the fund for Chandler's wife and children, although during all this time Lally paid nothing to any of the petitioners. Under the circumstances disclosed by the petition itself we must conclude that such delay on such grounds was unreasonable. See *Phillips* v. *Rogers*, 12 Met. 405, 414; *Learned* v. *Foster*, 117 Mass. 365, 369, 370; *Ela* v. *Ela*, 158 Mass. 54, 59; *Fennyery* v. *Ransom*, 170 Mass. 303; *Tetrault* v. *Fournier*, 187 Mass. 58, 61.

The result is that the demurrer was rightly sustained as against the petitioner George F. Chandler on the ground of

laches and as against the other petitioners on the ground of lack of a clear and precise statement of any cause of action in their behalf.

*Decree affirmed.*