HAROLD K. WHITAKER *vs.* BOSTON AND MAINE RAILROAD.

Suffolk. February 5, 1962. — February 28, 1962.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, & KIRK, JJ.

*Laches. Equity Jurisdiction,* Laches. *Equity Pleading and Practice,* Demurrer.

The defence of laches of the plaintiff may be availed of by demurrer to a bill in equity when the laches is apparent on the face of the bill. [685]

Laches barred a suit in equity by an employee of a railroad against the railroad seeking relief respecting an alleged wrongful reduction of the plaintiff's rank on an employment roster by the defendant nearly nine years before the commencement of the suit. [684–685]

BILL IN EQUITY, filed in the Superior Court on February 5, 1958.

The suit was heard by *Voke,* J., on demurrer.

*Richard L. Hull,* for the plaintiff.

*Richard J. Mulhern,* for the defendant.

WHITTEMORE, J. The defendant's demurrer to the amended bill of complaint asserting wrongful reduction of rank on an employment roster on April 9, 1949, and seeking replacement and damages, was properly sustained.

The suit was begun February 5, 1958. The amended bill alleges that, in violation of his employment contract and

Whitaker *v.* Boston & Maine Railroad.

pursuant to a ruling of the National Railroad Adjustment Board,[1] after a hearing of which the plaintiff had no notice and at which he was not represented, the defendant placed him at the bottom of the conductors' roster. It alleges also that the plaintiff "diligently urged" the defendant "to disregard the invalid order" and that he "diligently protested" the defendant's action but the defendant "has ignored such protest up to the time of the filing of the bill."

As the plaintiff's laches is apparent on the face of the bill, the demurrer is good on this ground (*Chandler* v. *Lally,* 308 Mass. 41, 44) and we do not reach the issues of want of jurisdiction, adequate legal remedy, want of necessary parties, and failure to state a cause for equitable relief.

There is no allegation of application for relief to the National Railroad Adjustment Board or reason for not applying or for not taking any legal action within the six year period of the statute of limitations. G. L. c. 260, § 2, as appearing in St. 1948, c. 274, § 1. *Ballentine* v. *Eaton,* 297 Mass. 389, 394. It is a necessary inference that the defendant and other employees have changed positions in the interval. See *Stewart* v. *Finkelstone,* 206 Mass. 28, 35–37; *Norton* v. *Chioda,* 317 Mass. 446, 452, and cases cited.

The interlocutory decree sustaining the demurrer and the final decree dismissing the bill are affirmed with costs of the appeal to the defendant.

*So ordered.*

---

[1] See Railway Labor Act, 45 U. S. C. (1958) § 153 (i).