LILLIAN K. NEWBURGH vs. STERLING LEATHER Co., INC. & others. April 5, 1965. Final decree affirmed. One half the shares of the corporate defendant (Sterling) were owned by another defendant Bernstein, its president and treasurer. The other half of the shares were held for Mrs. Newburgh. Her husband, active in Sterling's business, had access to its books. Sterling employed a bookkeeper and a certified public accountant. Sterling was liquidated in 1943, under the direction of Mr. Emanuel Kurland, its clerk, pursuant to a dissolution agreement of No-

vember 3, 1942, and to its accountant's computations. Its books and records were left with the Newburghs. In 1954 and 1955, the Newburghs discovered checks of Sterling, payable to Bernstein and signed by him while Sterling was operating. Sterling was revived. By final decree this bill for an accounting was dismissed after confirmation of a master's report. The master concluded that the checks "were drawn in the usual course of . . . [Sterling's] business" and that Bernstein "did not violate any fiduciary obligations." He found, among other things, that Bernstein had financed Sterling, which "had no financial standing," by borrowing money himself, lending it to Sterling, and obtaining repayment by Sterling's checks payable to him, and that, "with the extent of . . . [such] financing . . . it is understandable that substantial checks would be drawn" to Bernstein's order which he cannot now identify. From the master's summary of evidence it could be found that, although Sterling's records had been left with the Newburghs and Bernstein could not obtain bank records, he had explained the great bulk of the questioned checks, and failed, because of "time lapse and absence of records," to identify only three checks (for an aggregate of $9,421.97 out of a much larger amount) drawn in 1940 and 1942. The findings suggest that the Newburghs' delay in investigating matters, open to their check, prejudiced Bernstein's ability to account. See *Garfield* v. *Garfield,* 327 Mass. 529, 534; *Whitaker* v. *Boston & Maine R.R.* 343 Mass. 684, 685. In the circumstances, it would be "impracticable and inequitable" (see *Samia* v. *Central Oil Co. of Worcester,* 339 Mass. 101, 126–127) at this late date to require a more detailed accounting, where the record does not affirmatively indicate that Bernstein misapplied Sterling's funds.

*Morris Michelson* for the plaintiff.

*Samuel B. Mannos* (*Lawrence A. Bernstein & Samuel E. Kaufman* with him) for the defendants.