WILLIAM J. TRAVERS *vs.* JEROME GROSSMAN & another.

Suffolk.   February 10, 1967. — March 3, 1967.

Present: WILKINS, C.J., WHITTEMORE, CUTTER, KIRK, & SPIEGEL, JJ.

*Laches.   Equity Jurisdiction,* Laches.   *Corporation,* Stockholder.   *Equity Pleading and Practice,* Declaratory proceeding.

In a suit in equity against a corporation seeking declaratory relief recognizing the plaintiff's status as a stockholder of the corporation, the proper decree was that the plaintiff had lost his rights as a stockholder by reason of laches where it appeared that upon the organization of the corporation shares of its stock had been issued to him and he had become an employee of it, that he then had entered into an agreement with it requiring him, upon his ceasing to be its employee, to transfer his shares to it for a stated consideration, that some twenty-six years before the commencement of the suit he had resigned as an employee of the corporation and thereafter, although he had never been requested to transfer his shares, he had not received notices of stockholders' meetings, dividends or corporate reports, and that the corporation refused to recognize him as a stockholder.   [184–185]

Where the bill in a suit in equity for declaratory relief disclosed a proper case for such relief, it was error to sustain a demurrer and dismiss the bill even though on the facts alleged in the bill a declaration adverse to the plaintiff was required; the demurrer should have been overruled and a final decree making such declaration entered.   [185]

BILL IN EQUITY filed in the Superior Court on February 21, 1966.

A demurrer to the bill was heard by *Smith, J.*

*Mark E. Gallagher, Jr.,* for the plaintiff.

*Harold Rosenwald (Brian D. Murphy* with him) for the defendants.

WILKINS, C.J.   This bill under G. L. c. 231A is brought against Massachusetts Envelope Company and Jerome Grossman, its president and clerk, for a binding declaration as to the plaintiff's status as a stockholder.   A demurrer was sustained generally by an interlocutory decree.   A final decree dismissed the bill with prejudice, reciting that the plaintiff had been guilty of laches.   The plaintiff appealed from the decrees.

The bill alleges that the plaintiff is the owner and holder of fifteen shares of the common stock issued to him on December 23, 1936, which have never been transferred on the books. The corporation was organized under the laws of Massachusetts on December 21, 1936, the capital stock issued being 1,000 common shares. On December 22, 1936, the plaintiff, described as a director, first vice-president, and principal salesman, signed a written document, which was entitled, ''Agreement between Massachusetts Envelope Company, hereinafter called the Corporation, and the undersigned employee, William J. Travers.'' This provided: ''There has been issued to the said employee, William J. Travers, fifteen shares of the common capital stock of Massachusetts Envelope Company. In consideration of the issue of said shares, said employee agrees, and it is one of the conditions upon which the said shares have been issued to him, that, in the event that the said employee shall cease for any reason to be employed by the said Corporation, said employee or his executors and administrators, if any, will forthwith upon such termination, assign and transfer said shares to the said Corporation.'' Another paragraph provides for payment by the corporation, upon the transfer of the employee's shares, of the pro rata amount of the undistributed earned surplus as shown by the semi-annual inventory and account of the corporation next prior to the date of transfer.

Apparently the agreement was not signed on behalf of the corporation, but there was a longhand statement on the back of the certificate, which read, ''The shares represented by this certificate are held by the stockholder subject to the agreement with the corporation dated December 22, 1936.'' There is nothing to show a waiver by the corporation.

On December 16, 1939, after difficulties with the management, the plaintiff tendered his resignation to take effect immediately. He ceased to be an employee, but was never notified of the acceptance of his resignation either as an officer or director. He has never been requested to transfer his stock to the corporation. After resigning he has re-

ceived no notice of stockholders' meetings, no dividends, and no reports of the corporation's financial condition. The corporation denies that the plaintiff is a shareholder and refuses to recognize him as such.

The grounds of demurrer are (1) want of equity and (2) laches in that, without cause, the plaintiff unreasonably neglected and delayed institution of this suit to the prejudice of the corporation.

The plaintiff terms the decision below a forfeiture of his property and an unjust enrichment of the corporation. This assertion gives no weight to the fact that his stockholder's standing arose as an incident of the employment he has voluntarily renounced and as a condition of which his duty was forthwith upon resignation to transfer the shares to the corporation. Having failed in this, now more than a quarter of a century later, he tries to place the consequences of his breach upon the corporation because it did not demand compliance, a promise it had never made.

The plaintiff's laches is apparent on the face of the bill. *Chandler* v. *Lally,* 308 Mass. 41, 44. *Whitaker* v. *Boston & Maine R.R.* 343 Mass. 684, 685. There is far more than a mere delay, which is all there was in *Norton* v. *Chioda,* 317 Mass. 446, 452, and *Security Natl. Bank* v. *General Motors Corp.* 345 Mass. 434, 441. There is patent disadvantage to the corporate defendant. The plaintiff was well aware that he was no longer recognized as a stockholder, but nevertheless throughout twenty-six years took no action. Under the contract, upon transfer of the stock he was entitled to the pro rata amount (fifteen one thousandths) of the undistributed earned surplus as of the corporation's previous inventory and balance sheet. In one of the prayers he seeks to examine ''such portion of its records as will bear upon and tend to show the pro rata amount, if any, of the undistributed earned surplus of the corporation as of the latest semi-annual inventory and account of the corporation, and supporting data therefor including prior inventory records and accounts.'' This active purpose in prosecuting this suit, to enlarge the corpo-

ration's undertaking, is a graphic illustration of delay to its prejudice.

The bill states the existence of a controversy and other facts entitling the plaintiff to a binding declaration as to his rights as a stockholder. It, accordingly, was error to sustain the demurrer and to dismiss the bill. *Carlton Hotel, Inc.* v. *Abrams,* 322 Mass. 201, 203. *Willcutt* v. *Prescott,* 340 Mass. 532, 535. *Hannan* v. *Enterprise Publishing Co.* 341 Mass. 363, 365. *Trustees of Reservations* v.' *Stockbridge,* 348 Mass. 511, 513. *School Comm. of New Bedford* v. *Commissioner of Educ.* 349 Mass. 410, 412.

The interlocutory decree and the final decree are reversed. There is to be a new interlocutory decree overruling the demurrer, and a final decree is to enter declaring that the plaintiff by reason of laches has lost his rights as stockholder of the defendant corporation.

*So ordered.*