ARTHUR ARRUDA vs. STEPHEN A. VINCENT & another. Decem-
ber 12, 1974. The defendants have appealed from a final decree of
the Superior Court which establishes the dollar amount of their
liability to the plaintiff for his share of the assets of a family partner-
ship. The plaintiff withdrew from the partnership in 1951 but
delayed until the end of 1971 to file the present bill for an accounting.
1. The defendants' principal argument before us is that such a delay
necessarily amounted to laches (which was pleaded) because it ex-
tended beyond the period of the statute of limitations (which was not
pleaded). We do not believe the law supports any such contention.
Although there are cases in which the period of limitations has been
one of the factors considered in determining the presence or absence
of laches (See, e.g., *Calkins* v. *Wire Hardware Co.* 267 Mass. 52, 69

[1929]; *Norton* v. *Chioda,* 317 Mass. 446, 452 [1945]), it would appear that the court has always looked to the question of possible disadvantage or prejudice to the defendant (either actual or necessarily inferred from the circumstances), even in those instances in which the delay in bringing suit has extended beyond the period of limitations. See *Chandler* v. *Lally,* 308 Mass. 41, 44-45 (1941); *Whitaker* v. *Boston & Maine R.R.* 343 Mass. 684, 685 (1962); *Travers* v. *Grossman,* 352 Mass. 182, 184-185 (1967). 2. We would not be justified on this record in holding that there was laches as matter of law. The master's ultimate finding that the plaintiff was not barred by laches is supported by and not inconsistent with any of his subsidiary findings. The existence of the partnership and the plaintiff's aliquot share therein were admitted by the pleadings; the date of the plaintiff's withdrawal from the partnership was not seriously in dispute. The amount awarded to the plaintiff (without interest) in the final decree was based on an estimate of the fair market value of the net assets of the partnership at the time of withdrawal which was given by one of the partners who, it had been agreed, would keep the books of the partnership. The suggestions of disadvantage or prejudice to the defendants are faint at best.

*Decrees affirmed.*

The case was submitted on briefs.
*Joseph Freitas* for the defendants.
*John J. Dolan,* for the plaintiff.