## COLORADO EASTERN RY. CO. v. UNION PAC. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. April 10, 1899.)

### No. 1,121.

1. DISMISSAL FOR WANT OF PROSECUTION—REVIEW.
   An order of dismissal for want of prosecution, with judgment for costs, is a final judgment, from which an appeal will lie.

2. APPEAL AND ERROR—FINALITY OF JUDGMENT.
   To constitute a final judgment for purpose of appeal it is not essential that it should be a bar to another suit.

3. WANT OF PROSECUTION—DISMISSAL.
   Dismissal of cause for want of prosecution is within the discretion of the court, even in the absence of a rule permitting it.

4. SAME.
   Where nearly six years had elapsed since the filing of the original petition without steps to bring cause to trial, during which time plaintiff had twice filed petitions praying that suit be not dismissed for want of prosecution, alleging the pendency of other suits involving the matter in dispute, and such suits were finally disposed of, and no further steps were taken in the cause until two years later, when defendant filed petition to dismiss for want of prosecution, the court did not abuse its discretion in granting the application.

5. CONDEMNATION PROCEEDINGS—NATURE AS SUIT.
   A proceeding for condemnation of right of way is a suit, so as to authorize the court to dismiss it for want of prosecution.

In Error to the Circuit Court of the United States for the District of Colorado.

Application for dismissal for want of prosecution. Granted, and plaintiff brings error. Affirmed.

The plaintiff in error filed its petition in the state court of Colorado for condemnation of a right of way. The original petition was filed on September 12, 1892, and the cause was removed to the federal court by defendant in error on October 14, 1892. The transcript of the record was filed on November 1, 1892. No action was had on the petition until October 4, 1894, when the plaintiff in error filed a petition asking that the suit be not dismissed under the rule of the circuit court for the district of Colorado, which provides that all suits in which no progress has been made during the preceding year should be dismissed, setting up that at the time there were pending in the supreme court of the United States and the court of appeals of Colorado suits to determine the question of the right of plaintiff in error to condemn the land in dispute.

Nothing further was done in the cause until April 29, 1896, when another petition was filed by the plaintiff in error praying the court not to dismiss the proceeding, assigning the same reasons as were set up in the petition filed October 4, 1894. The cause pending in the United States supreme court was finally disposed of November 20, 1895, and the one in the Colorado court of appeals in October, 1896. No further steps were taken in the cause until June 29, 1898, when the defendant in error filed a petition to dismiss the suit for failure to prosecute. To this motion a reply was filed, and on July 5, 1898, the same came on for hearing, whereupon the court dismissed the cause "for failure duly to prosecute the same," and rendered judgment for costs against the plaintiff in error.

Lucius M. Cuthbert (Henry T. Rogers and Daniel B. Ellis, on brief), for plaintiff in error.

Willard Teller (Harper M. Orahood, on brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge (after stating the facts). The defendant in error moves to dismiss the writ of error upon the ground that the dismissal of a cause for want of prosecution is not subject to review by an appellate court. The motion must be denied. An order of dismissal for want of prosecution and a judgment for costs against plaintiff is a final judgment from which an appeal will lie. Tunnel Co. v. Pell, 4 Colo. 184; Wood v. Coman, 56 Ala. 283; Dowling v. Polack, 18 Cal. 626. To constitute a final judgment, it is not essential that it should be a bar to another suit. It is only when a suit is determined on its merits that it is a bar to another action. Hughes v. U. S., 4 Wall. 232. The court below has promulgated the following rule:

"All causes at law and in equity in which no order or progress has been made and entered of record within one year last past shall be dismissed for want of prosecution, unless upon cause shown during the first twenty days of the May term the court shall otherwise order."

This is a very proper rule, but, in the absence of such a rule, every court has the power to dismiss a cause for want of prosecution. It is a matter of judicial discretion, and is frequently exercised. Ashley v. May, 5 Ark. 408; Peralta v. Mariea, 3 Cal. 185. There is no ground whatever for claiming that this discretion was abused or arbitrarily exercised in this case. Nearly six years had elapsed since the filing of the original petition without any steps being taken by the plaintiff to bring the cause to trial. The contention that a proceeding for condemnation is not a suit is fully disposed of by the decision in Boom Co. v. Patterson, 98 U. S. 403, where it is held that it is a suit and removable to the federal courts when the necessary diverse citizenship exists, or, as in the case at bar, one of the parties is a federal corporation. The judgment of the circuit court is affirmed.