## YELLOW CAB CO. v. EARLE.

(Circuit Court of Appeals, Eighth Circuit. October 7, 1921.)

No. 5743.

1. **Appeal and error** ⊚⚊978 (1), 979 (1, 6)—**New trial** ⊚⚊66, 68, 76 (1)—**Denial of motion for new trial discretionary and not reviewable.**

   Denial of a motion to set aside a verdict and grant a new trial, on ground it was not justified by the evidence, was contrary to law, and that the damages were excessive, was discretionary with the trial court, and not reviewable on writ of error.

2. **Appeal and error** ⊚⚊263 (1)—**Alleged error in instruction, not excepted to, not considered.**

   Specifications of error, in that the charge on the measure of damages was erroneous, is untenable, where no exception was taken to the charge.

3. **Damages** ⊚⚊216 (1)—**Instruction on measure held not erroneous.**

   An instruction on the measure of damages in a personal injury suit, though overstating the amount demanded in complaint and admonishing the jury that, if they made any award, it should not be on the basis of what they would take to have such an injury, but on that of reasonable compensation, taking into consideration the elements the court had before indicated, *held* not error.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by O. K. Earle against the Yellow Cab Company. Judgment for plaintiff, and defendant brings error. Affirmed.

That part of the instruction as to damages referred to in the opinion is as follows:

"Now, as to the amount of damages, gentlemen. They demand something like $30,000 in this complaint; and if you feel that damages should be awarded, why, it is for you to say what that amount is. You will consider all those things I have indicated to you; but you must make the amount a fair and reasonable compensation to the party injured, as far as you can judge of such compensation in money. You must not make it on the basis of what you would take to have such an injury, what you would suffer such an injury for. I take it there isn't a man on this jury that would suffer an injury of this kind for any amount of money, however much might be offered them. The basis is a reasonable compensation in money for the injuries that the party has received; and in determining that reasonable compensation, you will take into consideration all the elements that I have indicated."

⊚⚊For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

J. Elmer Lehr, of Milwaukee, Wis. (John F. Dahl and George T. Simpson, both of Minneapolis, Minn., on the brief), for plaintiff in error.

J. T. Sullivan, of Waterloo, Ia. (W. H. McDonald and Shaw, Safford, Ray & Shaw, all of Minneapolis, Minn., on the brief), for defendant in error.

Before SANBORN and CARLAND, Circuit Judges, and MUNGER, District Judge.

SANBORN, Circuit Judge. The plaintiff in the District Court, Mr. O. K. Earle, sued the Yellow Cab Company, a corporation, for $18,675 damages, which he alleged were caused by the negligence of the defendant, in causing one of its cabs to be driven against and upon him at an unlawful speed as he was crossing one of the streets of the city of Minneapolis. The defendant admitted that there was a collision between the plaintiff, and one of its cabs at the time and place specified, but denied that the accident or injury was the effect of its negligence, and alleged that, if the plaintiff was injured thereby, his own negligence contributed to cause that injury. The case was tried by a jury, and resulted in a verdict and judgment for the plaintiff for $9,700.

The defendant seeks a reversal of this judgment for five alleged errors during the trial, which it has assigned. The first is that the court instructed the jury that the laws of Minnesota did not permit a person to operate a motor vehicle, where the accident happened in the city of Minneapolis, at a greater speed than 10 miles per hour, and that the operation of such a vehicle at such greater speed at that place was prima facie evidence of the negligence of the operator. But the proof was that the place of this accident was in a closely built up portion of the city of Minneapolis. Section 2635 of the General Statutes of Minnesota of 1913, as amended, Supplement, page 268, declared that no person should drive a motor vehicle upon any highway of that state at a speed greater than is reasonable and proper, and that—

"If the rate of speed of any motor vehicle, operated on any public highway in this state, where the same passes through the closely built up portions of any incorporated city, town or village, or where the traffic is more or less congested, exceeds ten miles an hour for a distance of one-tenth of a mile, or if the rate of speed of any motor vehicle, operated on any public highway of this state, where the same passes through the residence portions of any city, town or village, exceeds fifteen miles an hour for a distance of one-tenth of a mile, * * * such rates of speed shall be prima facie evidence that the person operating such a motor vehicle is running at a rate of speed greater than is reasonable and proper."

The place of the accident was in a closely built up portion of the city of Minneapolis. The court read this statute into its charge, and then said to the jury:

"Now, that is the law of this state with reference to speed. You will see that it is unlawful and prima facie evidence of negligence for the operator of a motor vehicle, the driver of a taxicab, to run that taxicab in the closely built up portions of a city like this at a speed greater than ten miles an hour for a distance of one-tenth of a mile"

—and then proceeded to reiterate and explain that statement. This part of the charge was in strict accord with the law and free from error, and this disposes of the first specification of error.

[1] The second, third, and fourth specifications are that the court erred in denying the motion of the defendant to set aside the verdict and grant a new trial (a) on the ground that it was not justified by the evidence; (b) on the ground that it was contrary to law; and (c) on the ground that the damages were excessive and appeared to have been given under the influence of passion and prejudice. But as the denial of a motion to set aside a verdict and grant a new trial on either of these grounds is discretionary with the trial court, and not reviewable on a writ of error in a federal appellate court, these specifications are futile. Chicago, M. & St. P. Ry. v. Heil, 154 Fed. 626, 629, 83 C. C. A. 400.

[2, 3] The fifth specification of error is that the charge upon the measure of damages was erroneous. But that specification is untenable, because no exception was taken to the charge on this subject, and because there was no error in that part of the charge.

Counsel for the defendant below, the plaintiff in error here, made a motion to strike the brief of the defendant below from the record for a lack of compliance therein with rules 24 and 26 of this court.[1] But as that brief has been thoughtfully considered, and the judgment must be affirmed on the merits of the case, a consideration of that motion is unnecessary; and it is denied.

Let the judgment below be affirmed.