**PARTRIDGE v. ST. LOUIS JOINT STOCK LAND BANK et al.**

No. 12191.

Circuit Court of Appeals, Eighth Circuit.

July 24, 1942.

Rehearing Denied Aug. 22, 1942.

George O. Durham, of St. Louis, Mo. (Staunton E. Boudreau and Barker, Durham & Drury, all of St. Louis, Mo., on the brief), for appellant.

Hugh H. Sullivan and Paul F. Plummer, both of St. Louis, Mo. (Frank H. Sullivan and Sullivan, Reeder, Finley & Gaines, all of St. Louis, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and JOHNSEN, Circuit Judges.

WOODROUGH, Circuit Judge.

The plaintiff in the court below prosecutes this appeal from dismissal of his action for failure to prosecute.

The suit was commenced on June 6, 1932, and had been pending in the court without being brought to trial for about nine years when the court dismissed it in May, 1941. On February 6, 1941, the court ordered it to be set down for trial May 12, 1941, and counsel were advised that it would be called for trial on that day. When the day came the court called the case for trial, pursuant to the order, but the plaintiff's counsel moved orally for continuance. Opposing counsel insisted upon trial. The oral motions, statements and arguments which were made by counsel on the hearing before the court were not recorded, but when they were concluded the judge made remarks from the bench which he directed the reporter then present to take down. He said that the court had repeatedly endeavored to get the case tried. That it had set the case on some two or three occasions on its own motion "and at the last setting of the docket (and, if I am not mistaken the same thing has happened before) counsel for plaintiff was not here, and they have made no effort to get this case ready for trial. So far as the court sees, there is no reason now why the case could not be tried. So far as the parties and pleadings and answers are concerned, there is no reason that appeals to the court. The case may be dismissed for failure to prosecute. The court probably necessarily must retain some jurisdiction to enter subsequent orders in the case and we do that if necessary. If I am not mistaken, there is a receiver in this case who has some funds in his hands. It may be necessary to make some subsequent order with reference to that matter. We retain such jurisdiction. Otherwise the case is dismissed and that is a final dismissal."

The court then prepared, signed and caused the clerk to record, as of that day, a formal judgment entry to carry into effect the statements from the bench. By the terms of the judgment the cause was ordered to be dismissed for failure to prosecute, "the court retaining jurisdiction to make any and all further orders necessary to direct distribution of the funds which are in the hands of the receiver." The judgment entry also contains recitation that the action was taken "on motion of certain defendants and on the court's own motion as to all defendants." [1]

---

[1] Though appellant here asserts that no counsel for defendants moved to dismiss the case, the record contains the sworn testimony of one of such counsel that he "for certain defendants and his co-counsel for others, moved to dismiss the cause for failure to prosecute."

The court also filed its formal memorandum opinion to accompany the judgment entry, which opinion is included in the record and describes the case, the status of it when the dismissal was ordered and the reasons upon which the court concluded that "under the circumstances existing in the case it is not only within the discretion of the court to dismiss the case on motion of a party, but it is its duty to do so on its own motion." [2]

After the dismissal of the case the plaintiff filed a motion for rehearing which was submitted to and considered by the court

[2] "This case was filed on June 2, 1932. On the 19th day of November, 1932, the case of Ball et al. v. St. Louis Joint Stock Land Bank et al., was also filed. The two cases sought substantially the same relief; that of enforcing the statutory liability of stockholders of the Land Bank. However, in the Partridge case there are additional claims of liability on the part of directors of the merged Banks and the organizers of a holding company for stock in the St. Louis Bank. Both cases were on the docket when Judge Faris left the District Bench in February, 1935.

"A controversy arose as to which of the two cases should be first tried.

"On the 25th day of September, 1936, the Court entered an order staying the further prosecution of the Ball case on the theory that the Partridge case was first filed, and the plaintiffs were therefore entitled to prosecute it. With that end in view, the Court on its own motion set this case for trial on October 30, 1936. It was passed to November 6, 1936, and then passed to November 13, 1936, because the plaintiffs did not elect to proceed to trial at that time. The case was then reset for trial on January 21, 1937. The plaintiffs on April 27, 1937, filed a Second Amended Bill of Complaint, but instead of going forward with the case on its merits sought to restrain the plaintiffs in the Ball suit from prosecuting similar cases in other jurisdictions.

"The plaintiffs appealed from an ancillary order refusing the injunction sought by them. This appeal was unavailing. Partridge v. Martin [8 Cir.], 102 F.2d 284.

"On account of a failure of the plaintiffs to go forward with this case, the Court on the 2nd day of May, 1938, set aside the stay order in the Ball case. The Ball case then proceeded to trial and was decided in January, 1939. As a result of that suit, the superadded liability of the stockholders in the St. Louis Joint Stock Land Bank was determined, scores of individual judgments entered, and there has now been collected and distributed to the bondholders about $450,000.00.

"Subsequently, on August 31, 1939, the plaintiffs filed a Third Amended Complaint. Issues were joined on this complaint and the Court on its own Motion set the case for trial on January 24, 1940. Again the case was passed by consent and reset for trial on October 14, 1940. It was at that time, by consent of parties, passed until further order. On February 6, 1941, the Court on its own motion set the case for trial on May 12, 1941. The plaintiffs orally move for a continuance. The defendants resist the continuance and move that the case be dismissed for failure to prosecute.

"The reason urged by the plaintiffs for the continuance is that they might attack the answer filed by the Executors of the Clarkson estate, or file a reply thereto. The Executors were made parties to the suit shortly before the date of trial. They promptly entered their appearance and adopted the answer of the testator then on file. The contents of that answer would have in no manner hindered the trying of the case and the opportunity to attack it had long existed.

"The plaintiffs have never displayed a desire to try the case on its merits. It has become a means of harassing the defendants. The case has resulted in embarrassment to other litigants. On the last setting, as on other settings, the Court has been compelled to arrange its docket so that ample time might be given to the trial. The continuances of the case tend to interrupt the orderly dispatch of other cases on the docket.

"Under the circumstances existing in the case it is not only within the discretion of the Court to dismiss the case on motion of a party, but it is its duty to do so on its own motion. [Colorado Eastern Ry. Co. v. Union Pac. Ry. Co., 8 Cir.], 94 F. 312; [Cage v. Cage, 5 Cir.], 74 F.2d 377; [Hicks v. Bekins Moving & Storage Co., 9 Cir.], 115 F.2d 406; [Carnegie Nat. Bank v. City of Wolf Point, 9 Cir.], 110 F.2d 569. This duty is almost imperative in view of the fact that the outstanding grounds of relief have been already realized in the Ball suit.

"The motion of defendants to dismiss the case for failure to prosecute is sustained, the Court reserving jurisdiction essential to make distribution of the funds in the hands of the receiver."

on showings in support and in opposition and upon arguments of counsel. The motion was denied.

■ Appellant makes no claim that he was ready or offered to proceed with trial when his case was called pursuant to the order of setting which had afforded him something over two months to get ready and he had no written motion for continuance. He made no attempt to have the court certify as to the unreported oral motions, statements or arguments on the hearing of the matter of going forward with the trial, in narrative or other form. The formal opinion of the trial court records that the reason urged by the plaintiff for continuance was that plaintiff "might attack the answer filed by the defendants, executors of the Clarkson estate, or file a reply thereto."

As the record shows that Mr. Clarkson had been a defendant in his lifetime and had answered all of plaintiff's bills of complaint and that upon his death his said executors had been duly substituted as parties defendants in decedent's place and had appeared in the cause and had adopted decedent's answer as their own, it is apparent that plaintiff's asserted reason for continuance was not meritorious.

■■ Appellant concedes that the District court has inherent jurisdiction to dismiss a cause pending before it on its own motion for want of prosecution and that it is a matter of judicial discretion frequently exercised, Hicks v. Bekins Moving & Storage Co., 8 Cir., 115 F.2d 406; Cage v. Cage, 5 Cir., 74 F.2d 377; Colorado Eastern Ry. Co. v. Union Pacific Ry. Co., 8 Cir., 94 F. 312, 313; Buck v. Felder, D.C., 208 F. 474; Walker v. Spencer, 10 Cir., 123 F.2d 347, and the foregoing epitome of the record of the hearing and proceedings had in this case pursuant to the order of setting for trial seems to present occasion for the exercise of such jurisdiction in most elemental form. The plaintiff's case, after pending nearly nine years, was set for trial upon reasonable and proper notice to plaintiff. He presented no protest or objection to the setting. On the date fixed he was not ready and presented an utterly unsubstantial reason for delay and continuance. On the presentation to the court of such a situation its power to order dismissal in the exercise of its discretion would seem too obvious to justify elaboration of reasons for affirmance.

But though plaintiff was not ready on the trial date and his reason urged upon and recorded by the court was unsubstantial, a very large record has been brought up on this appeal which demonstrates that a great amount of time and labor has been devoted to the case since its institution in 1932, especially by Mr. Staunton E. Boudreau, the only one of the numerous counsel for plaintiff who has continued to represent the plaintiff throughout the litigation, and it is very earnestly urged upon us that study of the whole record should convince that wrong and injustice has been done by the dismissal and that the court acted without power, arbitrarily and in abuse of such discretion as was vested in it by law.

Examination of the record shows that each of the statements made by the trial court in its opinion as to the repeated setting of the case for trial and as to other matters of record in the case is sustained by the record. The court's statement that the plaintiff had never displayed a desire to try the case on its merits is borne out by the record to the extent that it nowhere appears throughout the eight closely printed pages listing the docket entries in the case, that the plaintiff ever filed any request or motion to set the case down for a trial on its merits during the nine years of its pendency.

■ Appellant argued on his petition for rehearing, and repeats here, that his case was not at issue at the time of dismissal as to the defendants, the executors of the estate of W. Palmer Clarkson, deceased, but we find no error in the trial court's conclusion that plaintiff had had full opportunity to attack or reply to the answer which was filed by Mr. Clarkson in his lifetime and adopted by the executors upon entering their appearance in the case, and as no attack upon the answer appeared and no reply to it was filed or tendered, there was no lack of issue joined or excuse for failure to proceed on the ground relied on in respect to those defendants.

■ In the petition for rehearing it was alleged that plaintiff's case was not at issue as to one W. D. Gibbs. The record does not contain the particular bill of complaint in which Mr. Gibbs was first named a party defendant, but it is shown by affidavit that he was included in an amended bill of complaint filed April 3, 1933. The record shows that no process was ever taken out against him until May 6, 1941. In his application for issuance of that process plaintiff

charged that Mr. Gibbs had been "brought into and has appeared in this cause" "by prior process, appearance and participation in the defense" "to such effect that the court had become vested with jurisdiction of his person." The "additional process" taken out eight years after Mr. Gibbs had been named a defendant was not served and plaintiff's lack of diligence in the prosecution of his case against this particular one of the numerous defendants is manifest. On the record here, W. D. Gibbs was either a defendant in default or one against whom the plaintiff had kept a suit on file for eight years without taking out or serving process upon him. Absent any excuse (and none is shown), the state of the case as to W. D. Gibbs merely lends support to the court's conclusion that plaintiff had failed to prosecute his action with diligence.

■ Much of appellant's argument here is directed to contentions that the dismissal was irregularly entered of record. It is contended that there were two judgments and that they were contradictory of each other and that there was no valid dismissal. It appears in the transcript of the record over the certificate of the clerk of the court that "the only order of dismissal of record in this cause of date May 12, 1941, appears in original transcript, page 207" and that judgment entry is duly certified to this court. It is as above described. On the hearing of the petition for rehearing plaintiff attempted to make it appear by affidavit that entries were made by the clerk in his "minute book" at the time the court made the remarks from the bench which we have quoted, and that there was a difference between the clerk's notations and "the order of dismissal of record" in respect to whether the dismissal was "on the court's own motion" or "on motion of certain defendants and on the court's own motion."

But the record is clear that the case was called for trial pursuant to the order of the court; that counsel for plaintiff appeared and moved orally to continue the case; that the counsel for defendants who were present opposed continuance and moved to dismiss if the plaintiff would not proceed; that the court heard the case on the questions presented and arrived at its decision that the case should be dismissed. The court then indicated to counsel the decision it had reached and what the judgment would be. The judge during the next four days prepared and signed the judgment entry and caused the clerk to record it as the judgment rendered May 12, 1941. The

formal opinion followed a few days later. Such procedure presents no irregularity and we find no merit in appellant's attack upon it. Nor is there ground for the complaint made by appellant against the form of the judgment. It is argued in his behalf that it may be construed as a dismissal with prejudice, but there is no occasion to discuss that matter. It is in conventional form exactly expressing the court's decision.

■ Appellant contends that at the time his case was dismissed he had on file three amended and severed complaints so that there were in effect three cases, and in setting the case down for trial on May 12, 1941, it was intended that only one of the cases should then be proceeded with. He argues that there was error in the dismissal of all of them.

Plaintiff's original bill of complaint is not before us. The first one of the plaintiff's bills of complaint copied in the record here is his amended bill filed September 3, 1932. It names twenty-three parties defendants and comprises fourteen pages. The later amended and supplemental bills were expanded and additional parties were named defendants. It was always apparent that more than one cause of action was alleged and in 1939 plaintiff obtained leave of court to separately state and sever the causes of action. As some of the defendants were not necessary parties to certain causes of action, plaintiff's pleading, as ultimately formulated and filed with leave of court in 1939, set out his causes of action in three filings designated respectively, "Third Amended and Severed Complaint" (which included the Cape Girardeau Joint Stock Land Bank, among others, as a defendant), "Third Amended Complaint" and "Third Amended and Severed Complaint" (which included the Greenville Joint Stock Land Bank, among others, as a defendant). In this form plaintiff's causes of action are pleaded in eighty-three pages and more than a hundred defendants are named. But though the plaintiff thus alleged several causes of action, his case was single and properly bore the docket number 9991 throughout. There were defendants common to the several pleadings and issues common to all defendants and the matter of the order in which plaintiff might have been permitted or required to introduce the proof which touched all defendants or particular ones was only an incident of trying the case. We may not assume that the court contemplated or would have permitted the introduction of that part of plaintiff's proof

which was common to all causes of action and to all defendants to be made repetitiously at different trials. The case was properly set for trial by its number and title and we find no merit in the contention that the powers of the court over the disposition of it were for any reason limited to some part of it.

■■ Appellant has laid great stress in argument upon his claim that he is suing for the benefit of "an exceedingly large number" of members of a class of persons, namely, the owners of outstanding bonds owed by the St. Louis Joint Stock Land Bank, aggregating some eighteen million dollars in amount. His own interest is only the ownership of such bonds in the amount of four thousand dollars. As the bonds will be paid in large part in any event, his own interest in the action is obviously of little value. But the court has the duty to see to it that even a class suit shall be prosecuted with due diligence. The defendants have rights as well as the members of the class for whom the suit is brought and the court must remain an impartial arbiter between the opposed parties. It must properly fix the responsibility to prosecute the suit and it may not deny defendants in the action the rights which inure to them upon a failure to prosecute. The record is clear that the person the court properly looked to for the diligent prosecution of this case was the plaintiff. The one attorney who represented him continuously was Mr. Boudreau. Mr. Boudreau was advised of the setting of the case and was present in the court when it was called for trial. The record does not show the name of any other person willing to prosecute it as a plaintiff, if any such person there was. This appeal is taken by the plaintiff alone and the costs of its prosecution are taken out of collections made by the receiver whom the court appointed in the case in 1932. In view of plaintiff's representation of the class for nine years throughout the pendency of the action, we think it clear that there was no duty on the part of the court, either at the time it set the case down for trial, or at the time it called the case pursuant to the setting, to seek out or attempt to bring in other parties who might more diligently prosecute. Rule 23, Rules of Civil Procedure, 28 U.S. C.A. following section 723c, is not applicable to dismissal for failure to prosecute under the circumstances here presented. The rule was intended to prevent a plaintiff assuming to represent a class from securing benefit to individuals on dismissing the action without advance notice to all whom he has assumed to represent. Hutchinson v. Fidelity Inv. Ass'n, 4 Cir., 106 F.2d 431, 436, 133 A.L.R. 1061; Pelelas v. Caterpillar Tractor Company, 7 Cir., 113 F.2d 629, 633.

■ Appellant also complains because on the hearing of his petition for rehearing opposing counsel were permitted to introduce in evidence, in addition to their affidavits, the transcript of the record in the case referred to in the opinion of the trial court as the Ball suit. The trial court was intimately familiar with that record, but the petition for rehearing contained allegations concerning proceedings had in the Ball case claimed to excuse the failure to prosecute in this suit and the record of the Ball case was necessary to understanding of the rehearing proceedings. There was no impropriety in, and plaintiff suffered no prejudice from its inclusion in the showing made in resistance to the motion for rehearing.

■■ In this connection it should be observed that the order of the court denying the motion for rehearing was not an appealable order subject to review in this court. Fairmount Glass Works v. Cub Fork Coal Co., 287 U.S. 474, 53 S.Ct. 252, 77 L.Ed. 439; Hanson v. Cole, 8 Cir., 266 F. 67; Yellow Cab Co. v. Earle, 8 Cir., 275 F. 928; Jones v. Thompson, Trustee, 8 Cir., 128 F.2d 888, decided June 22, 1942. As the motion was entertained and considered by the court it merely operated to stay the statute limiting the time for making an appeal from the judgment of dismissal. Morse v. United States, 270 U.S. 151, 46 S.Ct. 241, 70 L.Ed. 518; Wagner v. Meccano, 6 Cir., 235 F. 890; Firestone Tire & Rubber Co. v. Seiberling, 6 Cir., 245 F. 937; Escanaba Traction Co. v. Burns, 6 Cir., 256 F. 898. But the plaintiff's reasons why his case should not have been dismissed are those set out in his motion. They were considered by the trial court in passing upon the motion to dismiss and have been reargued here, and our consideration of them is related to the dismissal which is before us for review.

Notwithstanding what appears to us to be complete lack of merit in the reason the plaintiff gave the court for not being ready to try his case when it was called after being set down for trial, and lack of merit in the contentions that the proceedings on the hearing and the dismissal were irregular, we have not failed to examine the record

minutely for any disclosure of impatience, unfairness or arbitrariness on the part of the trial court that might have influenced the dismissal. None appears.

It would serve no purpose to detail the long history of the action. As stated by the trial court in its opinion on the judgment of dismissal, this case and another referred to as the Ball case were instituted in the court in 1932 seeking substantially the same relief—that of enforcing the statutory liability of shareholders of the insolvent St. Louis Joint Stock Land Bank. But in this case the plaintiff made additional claims of liability beyond the statutory liability on the part of directors of the merged Cape Girardeau, Greenville and St. Louis Banks and the organizers of a holding company for stock in the St. Louis Bank. It is clear that from the filing of his case in 1932 up to the submission of this appeal the plaintiff has been diligent in discovering, formulating and presenting charges in numerous bills of complaint and in the prosecution of his appeals in this court, Martin v. Partridge, 8 Cir., 64 F.2d 591; Partridge v. Clarkson, 8 Cir., 72 F.2d 108; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 76 F.2d 237, and his bills of complaint have been drawn in form held to be sufficient in law, but our inquiry here is necessarily confined to the question of his diligence or lack of it in prosecuting his charges to trial on the merits. We observe that in formulating his charges in numerous amended bills of complaint the plaintiff always included several causes of action not separately stated or severed so as to marshal the numerous defendants in relation to the several causes of action. It was not until December of 1939 that he severed and separately stated the causes of action in the case. Bearing in mind that the collection of shareholders' statutory liability calls for urgent prompt action, we cannot doubt that the involved form in which the plaintiff maintained his action hindered him in having his case ready and pressing it for trial at any time. In contrast, the plaintiffs in the Ball suit who had heavy financial interest in making collection from shareholders were always ready and prompt. The court acted with complete fairness towards this plaintiff in ultimately ordering the Ball suit against the shareholders to be tried. Partridge v. Martin, 8 Cir., 102 F.2d 284.

It would seem that plaintiff disclosed inexcusable lack of diligence by waiting until 1939 to separately state and sever his several causes of action involved in his bills of complaint or in some way attempting to overcome whatever hindrance to the trial of his suit the pendency of the Ball suit may have presented. The record indicates that there was a mere dragging of the case in the court year after year with nothing done by the plaintiff to press it to trial. The trial judge who has litigants before him over long periods knows the diligent suitors from those who are not diligent. We cannot appraise the court's comment from the bench that the plaintiff had never displayed a desire to try the case on its merits, but we must find that the record is not only devoid of any request, motion or application on the part of plaintiff for a trial, it is also devoid of any filings indicative of attempts on plaintiff's part to obviate hindrances to trial which he claims were in his way such as a really diligent suitor would have made.

The court declares in its opinion that plaintiff's suit had become a means of harassing the defendants and the long history in the record supports the conclusion. Plaintiff's claims have continued to expand in amounts as one amended complaint after another has been filed, until in his last pleading he asserts liability of some six million dollars. Protracted pendency of a suit for such a sum necessarily is injurious to credit and the transaction of business and imposes heavy responsibility on the court to see to it that there is no procrastination in its continuance. There is nothing in the record to controvert the trial court's finding that the unreasonable delay and failure to prepare and be ready for trial in this case prejudiced the other litigants in the same court.

One who reads plaintiff's numerous bills of complaint can not escape a mental reaction in his favor. The reiteration of charges wears like constant dripping of water. Suspicion is aroused that in the failure of the financial institutions here involved men active in the affairs may have done or omitted what the law required of them and so rendered themselves subject to suit. It was of public interest as well as to the interest of bondholders that the charges against them should be tried. The plaintiff appears commendable as the one who hailed them before the court. But he thereby became a suitor in the District Court, bound to prosecute diligently.

The record discloses no lack of power or abuse of discretion and no error or irregularity in the judgment dismissing the case for failure to prosecute.

Affirmed.