Larry **REYNOLDS**, a minor, by **Ruth** **Reynolds**, his Mother and Natural Guardian, Appellant,

v.

**WABASH RAILROAD COMPANY,** a Corporation, Appellee.

No. 15448.

United States Court of Appeals Eighth Circuit.

Sept. 14, 1956.

Sherman Landau, St. Louis, Mo., for appellant.

Oliver J. Miller, St. Louis, Mo. (Jacob M. Lashly and Lashly, Lashly & Miller, St. Louis, Mo., on the brief), for appellee.

Before SANBORN, JOHNSEN and VOGEL, Circuit Judges.

JOHNSEN, Circuit Judge.

An action by a minor against a railroad for false arrest and false imprisonment was dismissed by the trial court, with prejudice, for want of prosecution, and the plaintiff has appealed.

We can perceive no error of law or abuse of discretion in what the court did, and we accordingly affirm.

The action was one of a number of suits for damages, brought by various youngsters, through their irate parents, because of their having been taken into custody for throwing stones at defendant's passenger trains in the Forest Park area of St. Louis, Missouri.

Defendant had for some time been plagued with this mischief in the particular area, and a passenger and some members of defendant's crews had on different occasions been injured thereby. To prevent the hazard from continuing, defendant engaged two private watchmen to patrol its right of way in the locality. The St. Louis Board of Police Commissioners duly issued licenses to the watchmen, under the authority of V.A.M.S. § 84.340.

Whenever the watchmen saw a group of boys trespassing on the railroad's right of way and hurling missiles at a train, they would take the lads to the police station, where the parents were then called and the children released to them. Plaintiff was one of a group that had been so taken to the police station.

Of the suits instituted against defendant as a result, some were filed in federal court and some in state court. Plaintiff's suit was one of those filed in federal court. Two of the federal court suits went to trial at separate times, and the jury in each case returned a verdict for the defendant. One of the cases was appealed to this court, where the judgment in favor of the railroad was affirmed. See Barnard v. Wabash R. Co., 8 Cir., 208 F.2d 489.

Plaintiff's action was allowed to pend in the trial court until the disposition of the appeal in the Barnard case. Following the issuance of our mandate in that case, the court subjected plaintiff's suit to a pre-trial conference and set it down for trial. Before the trial date arrived, plaintiff requested and was given leave to file an amended complaint. In this complaint, he joined the two watchmen as defendants with the railroad. Both of the watchmen, the same as plaintiff, were citizens of Missouri, but the amended complaint did not disclose this fact, and the joint answer filed by the three defendants made no challenge to the court's jurisdiction.

The diversity defect created by the amended complaint was not brought to the court's attention until just before the reset trial date. Plaintiff had made a final effort, after the filing of the amended complaint, to get the action indefinitely continued, but the court denied his request and made it clear that the case would be required to go to trial. Thereupon, for the first time, plaintiff suggested to the court that it was without jurisdiction of the controversy by virtue of the non-diversity existing on the amended complaint.

The court concluded, from the history and circumstances of the situation, that the filing of the amended complaint had been controllingly a matter of strategy on the part of plaintiff, for the purpose of warding off a trial, and to make it impossible for the court to proceed on the merits, if the attempt made to have the suit indefinitely continued and left standing on the docket should prove unsuccessful. The court accordingly, on its own motion, vacated its previous order of leave to file an amended complaint, struck the substituted pleading from the files, annulled the process and service against the watchmen under it, dismissed them from the action, and ordered that the case proceed to trial on the former pleadings and at the time theretofore set for such trial.

On the appointed trial date, plaintiff moved for a transfer of the cause from the federal court to the Circuit Court of the City of St. Louis, Missouri, or in the alternative for a dismissal of the action without prejudice. The case had then been pending for 3½ years. The court denied the motions and ordered that the trial proceed. Upon the calling and swearing of a jury for voir dire purposes, plaintiff announced his "inability to proceed with trial". What, if any, momentary trial disability there might have existed was in no way shown. The court thereupon, on its own motion, dismissed the suit for want of prosecution, with prejudice.

■ Since the suit had not been instituted in the state court and come into the federal court by removal, it was not one that was subject to a remand, and there was no power otherwise in the federal court to make any transfer of it to the state court as a pending action. Cf. 28 U.S.C.A. § 1404. In these circumstances, the court was not entitled, we think, to admit or to allow plaintiff to add the two watchmen as defendants, since the only purpose which this could serve would be to destroy its own jurisdiction, in a situation where it was impossible for the controversy, through transfer, to be resolved by any other court as a matter of pending litigation.

■■ It is true that Rule 21 of the Rules of Civil Procedure, 28 U.S.C.A., provides generally that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." But this provision must, it seems to us, be read as an auxiliary to the exercising of jurisdiction and not the destroying of it. In our opinion, the power of a court under Rule 21 is, in reasonable judicial function, inherently subject to the condition, which Rule 13(h) has taken the precaution of stating expressly in respect to the bringing in of parties "required for the granting of complete relief in the determination of a counterclaim or cross-claim," that any such adding of parties may be ordered only "if jurisdiction of them can be obtained and their joinder will not deprive the court of jurisdiction of the action."

■ In other words, we view the Rules of Civil Procedure, from their purpose and spirit, as not being intended to permit a federal trial court to bring in other parties, whether on request of the plaintiff or the defendant or on the court's own initiative, where the adding of such other parties will deprive the court of jurisdiction of the action. If the plaintiff in the present situation, after having chosen the federal court as his forum, desired or deemed it necessary to have the two resident watchmen made defendants with the railroad, his only course under the Rules, at the stage of the proceeding when he sought to act, was to attempt to persuade the court to grant him a dismissal without prejudice under Rule 41(a) (2), as a means of enabling him to institute his action in the state court. But since the watchmen were not indispensable parties to a disposition of the controversy on its general merits, the court would not in the situation be legally required to grant him the dismissal but would be entitled to exercise its sound discretion in denying or acceding to such a request.

The argument is made that, once having allowed the two watchmen to be brought into the suit, the court was without power thereafter to vacate its order but could only act, if its diversity jurisdiction was thereby destroyed, under the provision of Rule 12(h) that "whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." We have said above that we regard a court as having no right under the Rules of Civil Procedure to bring parties into litigation properly pending before it, whose presence will deprive it of jurisdiction of the action. On this basis, plaintiff could not claim to have acquired any right or status from the court's improper order, and the court legally was entitled to nullify the unwarranted act in which it had engaged—especially so since no prejudice could be claimed to the situation of plaintiff as it existed at the time the improper order was made. There thus was no error of law, of which plaintiff can here complain, in the court's vacating of the order by which the two watchmen had been allowed to be added as defendants.

But, even if the court had had the right under the Rules to allow the watchmen to be brought into the action and thereby to deprive itself of jurisdiction, we think that it nevertheless would be possessed in the situation of a discretionary power to set aside the requested order of joinder which it had made, as constituting an improper imposition upon it, when the order had been obtained without making it known that the object was to bring in non-diversity parties, and where one of the material purposes in so doing was to escape having to go to trial at the time on the general merits of the original cause of action.

On either of the two bases discussed, plaintiff is not entitled to have reversed the court's action in setting aside its previous order allowing the two watchmen to be added as defendants. And with the case being thus left subject to trial and being duly reached on a date reasonably fixed therefor, the court also could properly, in the exercise of its discretion, order the case dismissed with prejudice, for want of prosecution, when plaintiff, 3½ years after the action had been instituted, on the appointed trial date, without any attempted showing, merely announced his "inability to proceed with trial". Cf. Colorado Eastern R. Co. v. Union Pac. R. Co., 8 Cir., 94 F. 312; Partridge v. St. Louis Joint Stock Land Bank, 8 Cir., 130 F.2d 281; Shotkin v. Westinghouse Electric & Mfg. Co., 10 Cir., 169 F.2d 825. There can not be said, on the facts of the situation, to have been any abuse of discretion in the dismissal which the court made.

A number of other arguments have been made by plaintiff, which we regard as so devoid of merit as not to be entitled to discussion. One example will suffice to demonstrate. Thus, the brief contends that under Rule 41 the power of a court to dismiss is in general one that is exercisable only "without prejudice" and not "with prejudice". This manifestly overlooks the plain language of subdivision (b) of the Rule, dealing with involuntary dismissals for, among other things, "failure of the plaintiff to prosecute", that "Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for improper venue, operates as an adjudication upon the merits." Here, as a matter of fact, the court made its order expressly provide that the dismissal was "with prejudice".

Affirmed.