**Edwin M. REID, Appellant,**

v.

**PRENTICE-HALL, Inc., Appellee.**

**No. 13489.**

United States Court of Appeals
Sixth Circuit.

Dec. 23, 1958.

See, also, 136 F.Supp. 337.

Ben Neidlinger, Toledo, Ohio, for appellant.

Vernon E. Rohrbacher, Toledo, Ohio, Leland H. Notnagel, David W. Carroll, of Cobourn, Yager, Notnagel, Smith & Beck, Toledo, Ohio, William P. Hindman, Jr., of Townley, Updike, Carter & Rodges, New York City, on the brief, for appellee.

Before ALLEN, Chief Judge, and MARTIN and MILLER, Circuit Judges.

PER CURIAM.

This appeal attacks an order dismissing an action brought by plaintiff [1] praying damages for an alleged violation of the Robinson-Patman Act, 15 U.S.C.A. § 13 et seq., and other antitrust laws. The court dismissed the case in the following order:

"This matter came on for hearing on November 18, 1957 upon the issue of whether or not the parties hereto, subsequent to the commencement of this action, had entered into a valid and binding agreement of settlement and compromise of all matters in controversy and the Court, upon the submissions of proof, argument, evidence and representations of the plaintiff pro se

1. The parties will be denominated as in the court below:

and of respective counsel for both parties finds that a firm offer of settlement has heretofore been made by plaintiff, was accepted by defendant and was subsequently rejected by plaintiff and a higher figure demanded; and that defendant has, at all times since such agreement was accepted, and still is ready, willing and able to perform. The Court, at said hearing, thereupon stated that unless plaintiff completed the settlement found to have been agreed upon within five (5) days from November 18, 1957, it would summarily dismiss plaintiff's petition.

"The cause coming on for further hearing upon the affidavit of counsel for defendant that tender of defendant's performance under said agreement was again made within said five (5) days to counsel of record for plaintiff and thereafter all items to be delivered by it to plaintiff under said agreement were deposited with the Clerk of this Court with instructions to deliver the same to plaintiff upon receipt of plaintiff's consent to dismissal of this action with prejudice at defendant's costs, upon the report of the Clerk of this Court that the deposit made by defendant remains in his possession, upon exhibition and examination of said deposit by the Court, the Court finds that the tender made by defendant is complete and fulfills all requirements of the agreement of the parties, that defendant has complied with all of the orders of this Court, and that said tender has been refused by plaintiff.

"It Is Therefore Ordered, Adjudged, and Decreed, that this cause be, and it is hereby dismissed with prejudice at plaintiff's costs and the Clerk is ordered forthwith to return to defendant the item deposited with him by said defendant; to all of which, plaintiff excepts."

 It appears that the controlling questions are questions of fact. The District Court's findings are not shown to be clearly erroneous and its conclusions are in accord with the applicable law. The court has inherent power, so long as it retains control of the subject matter and of the parties, to correct that which has been wrongly done by virtue of its process. Gumbel v. Pitkin, 124 U.S. 131, 144, 8 S.Ct. 379, 31 L.Ed. 374; 14 Am.Jur., Courts, Section 171; Arkadelphia Milling Co. v. St. Louis Southwestern Railway Company, 249 U.S. 134, 39 S.Ct. 237, 63 L.Ed. 517. The court has inherent power to punish abuse of its process by dismissal of an action in the interest of orderly administration of justice. See 4 A.L.R.2d 348, Dismissal of action for failure or refusal of plaintiff to obey court order. On page 350 of this note are listed cases from eleven states, as well as from this circuit, to the effect that there is inherent power in the court, in the interest of orderly administration of justice, to dismiss an action for disobedience of a court order. Refior v. Lansing Drop Forge Company, 6 Cir., 124 F.2d 440, certiorari denied 316 U.S. 671, 62 S.Ct. 1047, 86 L.Ed. 1746, is closely in point and is controlling. That case held that where a cause had been pending for more than six years at time of dismissal and defendants had done their utmost to obtain a trial without success, and plaintiff was represented by the same nonresident attorney who was familiar with the case during the entire period, dismissal of the cause with prejudice for want of prosecution was not an abuse of discretion. The period involved herein was over five years. The court declared in the Refior case, supra, that a court of equity in the exercise of sound judicial discretion has general authority independent of statute or rule to dismiss a cause for want of diligence in prosecution or for failure to comply with a reasonable order of the court made in the exercise of a sound judicial discretion. To the same effect is Colorado Eastern Railway Company v. Union Pacific Railway Company, 8 Cir., 94 F. 312. The court in the Refior case also held that every litigant has the duty

to comply with reasonable orders of the court and, if such compliance is not forthcoming, the court has the power to apply the penalty of dismissal.

The judgment of the District Court is affirmed.