DICK ET AL., APPELLANTS, *v.* AMERICAN MOTORS SALES CORP. ET AL., APPELLEES.

(No. C-830555—Decided
March 28, 1984.)

*Messrs. Ruppert, Bronson &
Chicarelli* and *Mr. Ronald L. Burdge,*
for appellants.

*Messrs. Frost & Jacobs* and *Mr.
Gary A. Garfield,* for appellees.

PALMER, P.J. The instant cause derives from a transaction between the parties in which plaintiffs-appellants, Erma and Norman S. Dick, purchased a new 1981 AMC Concord automobile, manufactured by defendant-appellee American Motors Sales Corporation, from defendant-appellee Tri-County AMC/Jeep, Inc. The defendant-appellee Fifth-Third Bank financed the sale and purchase of the automobile.

In their complaint, plaintiffs asserted various malfunctions and defects in the car, including "defective transmis-

sion, engine block, internal switches and water leaks, electrical connections, and exterior paint." Such malfunctions and defects, according to plaintiffs, were in breach of express and implied warranties of the dealer and manufacturer, and substantially impaired the value of the car to plaintiffs. Plaintiffs further stated that they notified each defendant of its respective breaches, rescinded the sales contract, revoked ownership and acceptance of the car on March 24, 1982, and unsuccessfully demanded a refund of all monies they had paid the defendants. Plaintiffs then filed the instant action, seeking incidental and consequential damages they suffered "as a direct and proximate result of the Defendants' inability and/or refusal to repair or replace the automobile or refund its purchase price, and other breaches of the contracts." The cause was set for "hearing on motions" on June 13, 1983.

On or about that date, counsel for both parties agreed upon terms to settle the matter, said terms including a provision that defendants replace the instant vehicle with a new automobile. The parties then notified the court of this settlement agreement. However, when the case came before the court for a status report on July 6, 1983, it became apparent that settlement had not been executed because the plaintiffs felt that the replacement vehicle had not been delivered within a reasonable time. The court thereupon decided to dismiss the case for failure to prosecute. An opinion on the matter was entered by the court on August 21, 1983, in which the court specifically found that the settlement agreement was not consummated by the parties by reason of plaintiffs' refusal to do so when defendants were "ready, willing and able." Plaintiffs' refusal to complete the settlement, the court concluded, amounted to "bad faith in the conduct and prosecution of this lawsuit," evidencing "malice and ill will" towards the defendants, and "an attempt to harass the defendants, and

this Court," the totality of conduct amounting to a failure to prosecute under Civ. R. 41(B).

Plaintiffs timely appeal from the final judgment of the court below, asserting a single assignment of error for our review, that "[t]he Court below erred to the prejudice of Plaintiffs-Appellants by its *sua sponte* dismissal of the complaint, without a trial on the merits." We disagree.

Our disposition of the instant case is suggested by the rule set forth in *Reid* v. *Prentice-Hall, Inc.* (C.A. 6, 1958), 261 F.2d 700. In *Reid,* defendant accepted plaintiff's firm offer of settlement and compromise of an action brought by plaintiff for defendant's alleged violation of the Robinson-Patman Act and other antitrust laws. Defendant accordingly tendered its performance under the settlement and compromise agreement. Plaintiff rejected defendant's offer, demanding a higher figure. The court ordered plaintiff to accept the tender made by defendant or suffer dismissal of plaintiff's petition. The tender, found by the court to be complete and to fulfill all requirements of the parties' agreement, was refused by the plaintiff, and the cause was thereupon dismissed by the court, with prejudice, at plaintiff's costs.

Reviewing the action on appeal, the court stated that the findings of the district court had not been shown to be clearly erroneous, and found its conclusions to be in accord with the applicable law. The court, at 701, stated:

"* * * The court has inherent power, so long as it retains control of the subject matter and of the parties, to correct that which has been wrongly done by virtue of its process. * * * The court has inherent power to punish abuse of its process by dismissal of an action in the interest of orderly administration of justice."

The court then went on to examine and cite with approval cases recognizing the court's power to dismiss a case where the litigant fails to meet his duty of compliance with reasonable orders of the court, or to diligently prosecute his case, and affirmed the judgment of the district court.

*Reid* thus stands for the proposition that a trial court has the authority to enforce compliance with its orders and to control its processes, and, where bad faith on the part of the prosecution intervenes, has the power to punish such abuse in the appropriate case, by applying a penalty of dismissal. We approve the rule of *Reid,* and see no reason to find the present cause outside its ambit, particularly so when we reflect that the instant matter was dismissed by the court *without prejudice.*

Plaintiffs assert that the trial court could not force them to settle the matter or, as an alternative, suffer dismissal of their case. This proposition is, of course, beyond dispute, but it misses the point at issue. The parties *themselves* represented to the court that they would settle the matter, and that, in fact, the terms of the settlement had already been reached. Inevitably, the court would have adjusted its busy trial calendar to reflect that fact, as it had every right to do. When the court discovered that, contrary to representations made to it, the dispute had not been settled, and the case would have to be tried, its actions were not so much addressed to enforcing the settlement agreement earlier represented to the court as having been agreed upon, but rather, were directed at penalizing plaintiffs for their lack of good faith in effecting the promised settlement, and the resultant disruption of the orderly process of judicial administration.

We find the trial court's dismissal of the cause without prejudice to be a discretionary action within the court's "inherent power to punish abuse of its process by dismissal of an action in the interest of orderly administration of

justice." *Id.* The trial court was not required to hold a hearing on the merits in order to affect a justified and appropriate response to plaintiffs' misconduct. Plaintiffs' assignment is hereby overruled.

The judgment of the trial court is accordingly affirmed.

*Judgment affirmed.*

BLACK and DOAN, JJ., concur.