OPINION
 STATEMENT OF THE FACTS AND CASE
This appeal arises from two separate cases filed in the Knox County Common Pleas Court. Court Case No. 99OT060181 filed June 25, 1999 involved estimated assessments while Case No. 01OT010021 filed in January 2001 questioned charges for water usage.
A jury trial was set by pre-trial order on Case No. 99OT060181 for January 9, 2001.
Appellees in a pre-trial statement questioned the right to a jury but no subsequent indication as to the type of trial is indicated.
A motion of December 20, 2001 by appellant to continue the trial was granted with a new trial date rescheduled for March 6, 2001.
The cases were consolidated by entry of February 16, 2001.
Certain discovery issues required the trial court's intervention to order compliance by appellees.
A motion by appellant to continue the trial date from March 6, 2001 to May 8, 2001 was granted on February 16, 2001.
On April 20, 2001 another motion to continue was filed by appellant. This was granted on the same date with the trial date moved to July 10, 2001.
It was subsequently rescheduled to August 28, 2001 on the trial court's own order without a motion by any of the parties.
While nothing appears by way of an entry, there appears to be representations of a settlement of the issues with the trial court being notified prior to the August 28, 2001 date. This is referenced in subsequent motions by both parties.
No motion to enforce a settlement, which may have resolved such issue, was filed.
On September 21, 2001 trial counsel for appellant requested leave to withdraw due to irreconcilable problems with appellant.
This motion was granted on September 21, 2001.
On October 1, 2001 a motion by appellees was filed to dismiss the complaints for failure to prosecute under Civ.R. 41(B) or, in the alternative, to reconsider a prior denial of appellees Motion for Summary Judgment.
On October 10, 2001 appellant pro-se filed a motion to continue to either obtain new counsel or proceed pro se.
Appellees moved to strike such motion pursuant to Union SavingsAssociation v. Home Owners, Inc. (1970), 23 Ohio St.2d 60 and Palmer v.Westmeyer (1988), 48 Ohio App.3d 296 since appellant, as a corporation, could not be represented except by an attorney.
On November 6, 2001 new counsel for appellant filed a motion for continuance in order to have sufficient time to review the file.
On November 8, 2001 the trial court granted appellees' motion to strike the pro se motion of appellant to continue.
The same day, at 9:20 a.m., the trial court sustained appellees' motion to dismiss for failure to prosecute. This dismissal was with prejudice. (pursuant to Civ.R. 41(B)).
Also on November 8, 2001 at 11:25 a.m., the motion of new counsel for a continuance was dismissed as moot due to the earlier dismissal.
No notice as to the possibility of dismissal by the trial court to appellant was given although appellant was served with a copy of appellees' motion which resulted in the dismissal.
The same Assignments of Error have been filed in each of the two appeals, to wit:
ASSIGNMENT OF ERROR
 I. WHETHER THE TRIAL COURT'S FAILURE TO FURNISH APPELLANT WITH THE NOTICE MANDATED BY CIVIL RULE 41 (B) (1) BEFORE DISMISSING THE CASE FOR FAILURE TO PROSECUTE, CONSTITUTES REVERSIBLE ERROR.
 II. WHETHER THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY GRANTING A MOTION TO DISMISS, PURSUANT TO CIVIL RULE 41 (B((1) FOR FAILURE TO RESPOND TO APPELLEES' MOTION TO DISMISS FOR FAILURE TO PROSECUTE, WHEN THE APPELLANT'S ATTORNEY RESIGNED WITH LEAVE OF THE COURT, AND THE APPELLANT'S CORPORATE OFFICER ATTEMPTED PRO S.E. REPRESENTATION FOR THE APPELLANT CORPORATION FOR A CONTINUANCE WHEN HE COULD NOT SECURE REPLACEMENT COUNSEL, AND THE SUBSEQUENT REQUEST FOR CONTINUANCE FILED BY LEGAL COUNSEL FOR THE APPELLANT THAT WAS IGNORED BY THE TRIAL COURT PRIOR TO RULING ON APPELLEE'S MOTION.
 I.
We must agree with the First Assignment of Error.
Civil Rule 41(B)(1) states:
(B) Involuntary dismissal: effect thereof.
 (1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.
In this case, while several motions for continuance were requested and granted, there were also discovery orders based upon non-compliance requests.
The trial court also had approved counsel's withdrawal.
No new trial was set following the August 28, 2001 date, No hearing was set on the motion to dismiss.
We are not privy to any of the terms of settlement or admonishments, if any, by the trial court to counsel or the parties if the settlement discussions or compliance therewith were not in good faith. Nor do we know if the terms thereof were with or without authority by appellant.
Civil Rule 41(B) requires prior notice of intent to dismiss. While it states "to counsel" the trial court had released such counsel.
In effect, the record is lacking as to failure to prosecute or violation of prior court orders.
We find that not only was the absence of prior notice in contravention of Civ.R. 41(B) but also that such was an abuse of discretion.
The Ohio Supreme Court in Pembaur v. Leis (1982), 1 Ohio St.3d 89 has provided instructions relative to a dismissal for failure to prosecute by stating:
 Power to dismiss for lack of prosecution is within sound discretion of trial court, and appellate review is confined solely to whether trial court abused that discretion.
 Trial Court's dismissal with prejudice for lack of prosecution will not be reversed unless it constitutes an abuse of discretion.
However, in Pembaur the plaintiff voluntarily failed to appear for a hearing without explanation after being directed to be present.
Such is not the case sub judice.
Pembaur has been distinguished in McGrath v. Kochis, 1993WL107828 (Ohio App. 8th Dist.) and in Wood v. PVW, 1987WL14313 (Ohio App. 12th Dist.).
Certain cases have been cited by appellee and are easily distinguishable or support the position of appellant.
In Dick v. American Motors Sales Corp. (1994), 14 Ohio App.3d 322, the First District Court of Appeals upheld the trial court's dismissal as not being an abuse of discretion.
In that case the trial court based its dismissal on an agreed settlement which the plaintiff refused to complete even though the defendant was ready, willing and able.
Here, we have nothing of record to determine if such unjustified refusal was present.
In Quonset Hut, Inc. v. Ford Motor Company (1997), 80 Ohio St.3d 46
severe non-compliance with discovery was present and notice of the possibility of dismissal was given to counsel who had a reasonable opportunity to defend against dismissal.
Industrial Risk Insurers v. Lorenz Equipment Company (1994),69 Ohio St.3d 576 was a case which was voluntarily dismissed after more than a decade in which it was pending with extensive dilatory delay. The Ohio Supreme Court agreed that no abuse of discretion occurred with this history coupled with a lack of discovery compliance after refiling.
 Metcalf V. Ohio State University Hospitals (1981), 2 Ohio App.3d 166
held that:
 As condition precedent to involuntary dismissal on merits, plaintiff's counsel is entitled to notice of motion to dismiss for plaintiff's failure to prosecute in order that he will have had opportunity to oppose motion. Rules Civ. Proc. Rule 41(B)(1).
 Where notice of motion to dismiss for plaintiff's failure to prosecute has not been given plaintiff's counsel, and in absence of such notice a trial court dismisses plaintiff's action with prejudice, trial court has erred to plaintiff's prejudice. Rules Civ. Proc., Rule 41(B)(1).
The standard of review is abuse of discretion. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
With the docket lacking in a paper trail indicating a basis for failure to prosecute, even if such existed, and the lack of prior notice required by Civ.R. 41 (B) we must vacate the order of dismissal with prejudice and reverse and remand for further proceedings.
It is therefore unnecessary to address the Second Assignment of Error.
The judgment of the Knox County Court of Common Pleas is reversed and remanded.
By BOGGINS, J. FARMER, P.J. and EDWARDS, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio is Reversed and Remanded. Costs to be assessed to appellees.